## Moses *v.* Quaker City Cab Company, Appellant.

*Negligence—Automobiles—Pedestrians—Case for jury.*

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff, who was about to cross a city street had seen defendant's taxicab approaching and had remained on the pavement until it passed. She then started to cross the street, when the taxicab, having turned around and proceeded at a high rate of speed, struck and injured her.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

Argued October 17, 1924. Appeals, Nos. 107-113, Oct. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1922, No. 5142, on verdict for the plaintiffs in the case of Gertrude Moses and James Moses v. Quaker City Cab Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed

Trespass to recover damages for personal injuries. Before STERN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Gertrude Moses, for $275 and plaintiff, James Moses, for $500 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*William W. Smithers,* and with him *John V. Horan,* of *Smithers, Lank & Horan,* for appellant.

*Daniel G. Murphy,* and with him *Isaac D. Levy,* for appellee.

OPINION BY PORTER, J., December 12, 1924:

The plaintiffs in this action, who are husband and wife, seek to recover damages for injuries alleged to have been sustained when the wife was struck and knocked down by a taxicab of the defendant company.   The case was well tried in the court below and submitted to the jury in a charge no part of which has been assigned for error by the appellant.   The trial resulted in verdicts and judgments in favor of the plaintiffs.   The only assignment of error is to the refusal of the court to enter judgment in favor of the defendant non obstante veredicto.

The only question involved is the sufficiency of the evidence to warrant the submission of the case to the jury, and in the consideration of that question the evidence is to be considered in the light most favorable to the appellees.   The testimony of the woman who was injured and that of the witness who accompanied her, who were both colored, was not couched in such language as we might expect from educated persons, but was clearly sufficient to warrant a finding of the following facts.   Mrs. Moses and a woman companion alighted from a street car, going eastward, on Market Street at the public crossing on the west side of Forty-second Street, about half past ten o'clock on the night of No-

vember 29, 1922.   They remained standing upon the crossing until the street car going east had cleared the crossing, when they started to walk upon the public crossing across Market Street to the north side thereof. When they had thus proceeded a short distance they noticed a cab of the defendant company some distance east of Forty-second Street moving rapidly westward. Mrs. Moses, believing that she could not safely pass in front of the approaching cab turned back and walked to the curb on the south side of Market Street.   Her friend, taking the chances, hurried across and safely reached the north sidewalk of Market Street.   Mrs. Moses remained standing at the south side of Market Street until the taxicab had passed Forty-second Street and continued its course towards West Philadelphia.   There were then no vehicles approaching the crossing from either direction and she then started across Market Street upon the public crossing and had reached a point between the rails of the eastbound track of the street railway company when the taxicab suddenly turned round and moving at a high rate of speed struck and knocked her down and then continued in a southerly direction down Forty-second Street.   The fact that Mrs. Moses returned to the south curb of Market Street when she saw the taxicab rapidly approaching from the eastward and there waited until the taxicab had passed Forty-second Street would seem to negative any suggestion of negligence on her part in attemping to cross the street.   When she did finally commit herself to the crossing and proceeded upon the public crossing on the west side of Forty-second Street to cross Market Street there were no vehicles approaching from either direction, but after she had been fully committed to the crossing the taxicab which had passed Forty-second Street suddenly turned round and moving at a high rate of speed struck her down upon the public crossing over which she was attempting to reach the north side of Market Street.   The evidence being of this character it would have been error

for the court to declare as matter of law that Mrs. Moses was guilty of contributory negligence.

Mrs. Moses testified that she had frequently ridden in Quaker City taxicabs, she described the color of the cabs in a manner which was admitted to be correct and gave the details of the uniform worn by the chauffeurs of the defendant company. The defendant produced testimony which, if believed, tended to establish that there were other taxicabs operating in the city which were similar in appearance to the cabs of the defendant company, but the defendant did not produce any evidence tending to establish that the uniforms worn by chauffeurs operating the cabs of those other companies were similar to those worn by the chauffeurs of the defendant company. Mrs. Moses testified that the uniforms worn by a chauffeur of the Quaker Cab Company were "A dark blue uniform with seemingly brass buttons, double breasted and red trimming on the uniform. A red cap with a black top"; and that the chauffeur of the cab which ran her down wore such a uniform. The testimony of the woman who accompanied Mrs. Moses was clearly explicit that the car which caused the injury was a taxicab of the Quaker City Cab Company. While the burden is upon the plaintiff who complains of an injury caused by the operation of a private automobile to prove that the car was being used by or for the purposes of the owner, in order to charge the latter for negligence of the operator, such is not the case with regard to business trucks and taxicabs which are presumed to be used in the connection with the owner's business, in the absence of evidence to the contrary. The court did not err in refusing to enter judgment non obstante veredicto.

The judgments are affirmed.