## WESTERN UNION TELEGRAPH CO. v. SCRIVENER.

(Court of Appeals of District of Columbia. Submitted December 8, 1926. Decided March 7, 1927.)

No. 4418.

**1. Master and servant ⬩301(1)—Employment of servant acting within scope of employment essential to master's liability.**

In order to hold master liable for injuries inflicted by servant, it must be established that the servant was in the employ of the master and that he was acting within the scope of his employment at the time of the accident.

**2. Master and servant ⬩330(1)—Facts may raise presumption of employment, thereby establishing prima facie case.**

In action for injuries inflicted by alleged servant, facts developed may be such as to raise presumption that alleged servant was in the employ of defendant and acting within the scope of his employment, thereby establishing a prima facie case.

**3. Master and servant ⬩330(1)—Telegraph company held to have burden of showing messenger boy on bicycle, causing injury, was not its servant within scope of employment.**

In action against telegraph company for injuries from being run into by messenger boy on bicycle, where plaintiff identified boy and testified to noting his number and uniform, it was incumbent on defendant to show that the boy was not at the time in its employ or acting within the scope of his employment, which burden was not lifted by fact that action was not begun until after telegraph company had destroyed its records affecting such matter.

**4. Master and servant ⬩332(1)—Telegraph company's responsibility for injuries by messenger boy on bicycle held for jury.**

In action against telegraph company for injuries from being run into by messenger boy, specifically named in first count and designated as John Doe in another, evidence *held* sufficient to go to jury on the John Doe count, notwithstanding plaintiff positively identified messenger named in first count as one who struck her.

**5. Master and servant ⬩329—Declaration held sufficient, without naming messenger boy causing injuries.**

Plaintiff, suing telegraph company for injuries from being run into by messenger boy on bicycle, *held* not required in any count of declaration to name the messenger boy whose negligence caused the injuries complained of.

**6. Trial ⬩343—Finding that plaintiff was injured through negligence of unidentified telegraph messenger boy held not finding against plaintiff on count wherein boy was specifically named.**

In action against telegraph company for injuries from being run into by messenger boy, specifically named in one count and designated as John Doe in another, finding for plaintiff on the John Doe count *held* not finding against plaintiff on the count specifically naming the messenger.

**7. Appeal and error ⬩1050(1)—In action for injuries, admission of hearsay evidence, consisting of doctor's receipt, held not prejudicial.**

In action against telegraph company for injuries from being run into by messenger boy on bicycle, where attempt was made to discredit plaintiff's testimony concerning medical treatment, it was not prejudicial error to admit in evidence receipt for payment made to physician for treatment, notwithstanding such receipt was hearsay evidence and ordinarily inadmissible.

Appeal from the Supreme Court of the District of Columbia.

Action by Sadie M. Scrivener against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

P. E. Lesh, of Washington, D. C., for appellant.

T. T. Marye, N. B. Frost, and F. N. Towers, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

HATFIELD, Acting Associate Justice. The appellee brought suit in the court below to recover damages for personal injuries alleged to have been sustained by her and caused by the negligence of a servant of the appellant. The declaration contained four counts, two of which only—the first and third —are pertinent here.

The first count complained that, while the appellee was crossing K street at its intersection with Eighth Street Northwest, in the city of Washington, District of Columbia, she was struck by a bicycle then and there being ridden, operated, and controlled by one Edward

Peter, a messenger boy in the employ of the appellant; that by proper ordinance or police regulation the use of K street by vehicles was limited and restricted to east-bound traffic only; and that in violation of said ordinance or police regulation, and regardless of the consequences, the said Edward Peter negligently and carelessly ran into appellee and severely and permanently injured her, to her damage in the sum of $50,000, for which she asked judgment. The third count was identical with the first, except that it alleged that the name of the appellant's messenger boy was "John Doe."

Upon the trial the appellee testified that she was struck and injured as alleged in the declaration. With reference to the identity of the boy who struck her, she is reported in the record to have testified substantially as follows:

"* * * I know this was a Western Union messenger boy because I saw the words on his cap—the words 'Western Union.' * * * At the time of the accident I saw this messenger boy face to face as close as this table here (referring to reporters' table) ; I noticed on his cap 'Western Union' and I know he was dressed in an olive drab suit; he was a dark complexioned, dark hair, and dark eyes and rather stout-built boy; I have seen him since more than once; after the accident I saw him going into the building there at Seventh and F streets, where there is a branch of the Western Union; that was about three or four days after the accident; I was out with my husband at the time and I called his attention to it; I said, 'There goes the boy that ran into me and knocked me down.' (Asked 'Did you recognize him positively, or was there a guess?') I was positive it was him; I said something to the boy at that time; I said, 'You are the boy that knocked me down at Eighth and K, do you remember?' and he said, 'I don't know whether I knocked you down but I remember knocking a lady down at Ninth and G.' And I asked him what his name was and he told me his name was Edward Peter and that he lived at 379 O Street, S. W., and I saw on his cap his number was 132; that was all the conversation at that time so far as I can remember and that was about three or four days after the accident; I saw him again, maybe two weeks after that, in front of the main office on G street between fourteenth and fifteenth; I recognized him positively and he saw me; * * *"

During the direct examination of appellee and at the request of her counsel, Edward Peter came into the courtroom and was identified positively as the boy who struck her. On cross-examination she is reported to have said:

"* * * At that time I saw the words 'Western Union' on his cap and noticed that he had on an olive drab uniform and saw the number 132 on his cap; I am certain of that; I made a note of the number when I got home on a piece of paper on the day of the accident, —that this number was 132; * * * I am sure the number could not be 32 instead of 132; * * *"

The appellee also testified that she notified the appellant of the accident about a year after it occurred. The witness William Barsky testified that appellee was knocked down by a boy on a bicycle while she was crossing K street at Eighth Street Northwest. The witness was unable to say definitely whether or not the boy was wearing a uniform, nor was he able to give any other information as to his identity. Other witnesses testified for appellee, but their testimony is not pertinent to the issues here.

It appears from the evidence introduced by appellant that Edward Peter was, a messenger boy in its employ during July, 1922; that his number at that time was 32; that he was assigned to appellant's branch office at Seventh and F Streets Northwest; that he was transferred to the main office at Fourteenth and G streets in May, 1923, and that his number thereafter was 132; that, in July, 1922, messenger No. 132 was C. A. O'Neil, an unmounted messenger; that the messengers in its employ were required to wear uniforms while on duty, and were not permitted to wear them when off duty; that, under the regulations of the Interstate Commerce Commission, the appellant is permitted to. destroy its records of messages one year after the same are received; that such records for July, 1922, would have indicated with certainty whether Messenger Edward Peter was about the business of the appellant at the time the accident was alleged to have occurred; that all such records for the month of July, 1922, were destroyed by appellant on August 29, 1923; that it was notified of the accident orally by appellee in August, 1923, but that no written notice or complaint was made to it until February, 1924.

Edward Peter denied that he ran into or struck appellee at any time or place. Motion for a directed verdict was made by appellant at the close of appellee's evidence in chief. Action thereon was deferred by the court until the appellant's testimony was before the court.

At the conclusion of the introduction of evidence by the parties, appellant renewed its motion for a directed verdict. In support of this motion it was argued that appellee had failed to prove that the messenger boy who struck her was in the employ of the appellant and engaged in the discharge of his duties at the time of the accident. The motion was overruled and the appellant allowed an exception. Thereupon the appellant moved for a directed verdict upon the second, third, and fourth counts of the declaration. This motion was sustained as to the second and fourth counts, and overruled as to the third.. To the ruling as to the third count the appellant excepted.

With particular reference to the first and third counts of the declaration the court charged the jury as follows:

"* * * You will be prepared, if you find a verdict for the plaintiff, to state whether or not you find it upon the first count or upon the third count. That will be according as you find; if you find for the plaintiff that the boy was Edward Peter or if you cannot be sure of that but are reasonably sure within the limits that you have to find, if you find for the plaintiff, was some boy, a messenger boy at the time, on the business of the defendant company. * * *

"The first question, then, is, Who was the boy? If it was Edward Peter— It is admitted that he was, during that period, the messenger boy of the Western Union Telegraph Company, but does the evidence satisfy you by a fair preponderance that it was Edward Peter? If it does not, why then you will have to take up the case under the third count, of which I will speak in a moment. * * *

"If, however, you are not satisfied by a fair preponderance of the evidence it was Edward Peter, then you must determine upon the evidence whether it is sufficient to satisfy you that he was a messenger boy of the defendant company, upon the business of the company at the time. I will not go over the evidence bearing upon that; you will keep that in mind and carefully weigh it and consider it to determine that question.

"If you find, whether it was Edward Peter or not, that it was a messenger boy of the defendant company, then about the business of the company, in addition to finding the other facts I have stated with regard to the negligence of the boy and the plaintiff's negligence, then you will find a verdict for the plaintiff upon the third count."

The jury returned a verdict for the appellant upon the first, or "Edward Peter," count, and for the appellee, in the sum of $3,000 upon the third, or "John Doe," count. The motion for a new trial was overruled and judgment entered upon the verdict.

It is contended here by the appellant that there was no evidence introduced on the trial tending to prove that the appellee was struck and injured by an unknown messenger boy in the employ of the appellant, or that he was about the appellant's business at the time of the accident, and that the third, or "John Doe," count was improperly submitted to the jury. The theory upon which these contentions are made is that, as the jury returned a verdict for the appellant on the first, or "Edward Peter," count, and as the appellee positively identified Edward Peter as the messenger boy who struck her, and, as she made no claim that she was injured by any other messenger boy, there was no evidence to support the verdict for the appellee returned upon the third, or "John Doe," count. It is also contended that the admission in evidence of Appellee's Exhibit No. 4, which will hereinafter be referred to, was prejudicial error.

[1, 2] It is true, as argued by counsel for appellant, that, in order to recover in an action of this character, it must be established that the servant was in the employ of the defendant, and that he was acting within the scope of his employment, at the time of the accident. It is unnecessary to cite authorities in support of this proposition. The facts developed on the trial may, however, raise a presumption that the person whose negligence caused the injury was in the employ of the defendant and acting within the scope of his employment at the time, and a prima facie case thus established. 39 C. J. § 1581; Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406, Ann. Cas. 1916D, 1161.

In this case it was established by appellee that she was struck and injured by a messenger boy in the uniform of the appellant; that at the time of the accident he was violating an ordinance of the District of Columbia by riding a bicycle in the wrong direction on a one-way street; and that she saw and recognized the words "Western Union" and the number 132 on his cap. She positively identified the boy as Edward Peter. The appellant admitted that Edward Peter was in its employ at the time of the accident. There is a conflict in the evidence as to whether his number was 132 or 32 at that time; the appellant claiming that it was then 32 and changed to 132 approximately nine months later, while the appellee claimed that the number on his cap in

July, 1922, was 132. It should be borne in mind, however, that a witness for the appellant—one of its officers—testified that messenger 132 was one C. A. O'Neil, an unmounted messenger in its employ. This messenger failed to testify. There was no claim made by appellant on the trial that either of those messengers, both admittedly in its employ, was not about the business of the company at the time and place of the accident. On the contrary, one of the appellant's witnesses testified that the messenger boys in its employ were required to wear uniforms while on duty, and were not permitted to wear them when off duty.

In explanation of its failure to make any showing, other than the testimony of Edward Peter, that the messenger boy who struck and injured appellee was not about its business at that time, it established that the records upon which it relied for information had been destroyed prior to the trial. From this latter fact it is argued that there could be no inference or presumption that the messenger boy who struck plaintiff was about the business of appellant at the time the accident occurred, because, its records having been destroyed, the facts were not within its knowledge and could not be ascertained.

This argument is not confined to the third, or "John Doe," count, but is extended to apply also to the first, or "Edward Peter," count. The argument is as pertinent to one as to the other of the two counts. But in our opinion it is fallacious as to both. Several cases are cited by counsel which it is argued support this contention. We do not deem it necessary to extend this opinion by a lengthy discussion of the proposition argued by counsel. One of the cases cited was Western Union Telegraph Co. v. Lamb, 140 Tenn. 107, 203 S. W. 752, in which case the court said:

"Another rule of evidence, which is often resorted to to explain incomplete knowledge, is that where the evidence tends to fix liability on the defendant, and if he has it in his power to offer evidence to rebut the unfavorable inferences which the proof tends to establish, and neglects or refuses to offer such proof, it may be inferred from the facts shown that the fully developed evidence would establish liability upon his part. Standard Oil Co. v. State, 117 Tenn. 618, 100 S. W. 705, 10 L. R. A. (N. S.) 1015; Fisher v. Insurance Co., 124 Tenn. 483, 138 S. W. 316, Ann. Cas. 1912D, 1246, Ann. Cas. 1913A, 203."

[3] Counsel argues that, as the appellant had destroyed its records of the receipt and delivery of messages for the month of July, 1922, prior to the trial (but not before it had received oral notice of the accident), it was not within its power to offer evidence to rebut the inference that the messenger boy was engaged in the discharge of his duties at the time of the accident, which the evidence of appellee tended to establish, and accordingly the appellee should have been required to offer additional evidence of such fact, or alternatively, a verdict directed for appellant. We think that the application of this rule of evidence does not depend upon the conduct of the appellant in relation to the evidence which it had or could have had in its possession. The facts were peculiarly within the knowledge of appellant, and, from the nature of the transaction, difficult, if not impossible, of positive proof by the appellee. The mere fact that appellant had destroyed the evidence of such facts does not prevent the application of the rule. The law presumes the knowledge and the power to produce the facts. Benn v. Forrest (C. C. A.) 213 F. 763; McWhirter v. Fuller, 35 Cal. App. 288, 170 P. 417, and cases therein cited.

[4] We think that the third, or "John Doe," count was properly submitted to the jury.

[5] It was unnecessary to allege in any count of the declaration the name of the appellant's messenger boy whose negligence caused the injuries to appellee. 39 C. J. § 1576. The first and third counts contain a single cause of action stated in different ways. While it was unnecessary to do so, appellee confined the first count to the charge that her injuries were caused by the negligence of the appellant's messenger, Edward Peter. The second count was not so limited. It charged in effect that her injuries were caused by a messenger boy in the employ of the appellant. This covered any messenger boy in the appellant's employ, as the evidence might disclose, including Edward Peter. We have quoted that portion of the trial court's charge to the jury pertinent to the inquiry. The jury was instructed that a verdict for the appellee might be returned upon either the first or third count of the declaration, depending upon the identity of the servant whose negligence caused the injuries complained of; upon the first count, if caused by the negligence of Edward Peter; upon the third count, if caused by the negligence of Edward Peter, or if the identity of the servant was uncertain.

[6] The jury returned a general verdict for appellee upon the third count, and, as one verdict was all it could return for her, it properly returned a verdict for appellant upon the first count. This does not amount to a find-

ing that Edward Peter did not strike and injure appellee. Had the jury returned a special verdict, in which it was found that her injuries were not caused by the negligence of Edward Peter, we would be confronted with an entirely different problem.

[7] It is contended that the court erred in admitting in evidence Plaintiff's Exhibit No. 4. The exhibit appears in the record and reads as follows:

"Dr. H. Clarence Duffey,
"929 O Street, Northwest.
"Feb. 27/23.
"Rec'd of Mr. Schneder one (1) dollar on acct. Bal. $9.
"H. C. Duffey, M. D."

On the trial plaintiff testified that she called on a Dr. Duffey, five or six days after the accident, and that he treated her for about two months. On cross-examination counsel for appellant plainly attempted to attack the credibility of the witness, and in so doing questioned her in regard to her possession of bills or receipts from Dr. Duffey. She testified that she had received both, and thought she could produce them in court. She was requested to do so by the trial justice. Exhibit 4 was produced and identified by appellee as a receipt given to her husband in her presence for money paid on account for services rendered to her for injuries received at the time of the accident. It was admitted in evidence over the objection of appellant. In admitting the exhibit in evidence the trial justice is reported to have said in substance: " * * * The defendant having suggested to the jury that the plaintiff never employed Dr. Duffey, nor claimed to do so until after his death, and the plaintiff having sworn that she received this paper as a receipt, it might be of importance to the jury. * * *"

The receipt was given by a third person, since deceased, who had no relation to the suit. It was hearsay and ordinarily inadmissible. 22 C. J. § 168. It was not admitted, however, as proof of the amount paid to Dr. Duffey, nor as evidence of the nature and extent of appellee's injuries. It was admitted solely as tending to corroborate her testimony that she had received medical treatment from Dr. Duffey. We are of opinion that, the possession by appellee of such receipt having been challenged by appellant on cross-examination, and there being no reasonable ground for believing that the result of the trial was affected thereby, its admission in evidence was not prejudicial error.

The judgment is affirmed, with costs.

Affirmed, with costs.