By the Court.
 

 The plaintiff below, Lydia Lashure, claiming to have suffered an injury as a result of stepping into a hole existing in a, concrete sidewalk on Lorain avenue, in the city of Cleveland, brought suit against the city of Cleveland and the East Ohio Gas Company to recover damages for her alleged injury. She based her claim against the defendant the East Ohio Gas Company upon the charge that said company had dug or chipped a hole in the concrete sidewalk for the purpose of uncovering its shut-off box, and had left the hole or depression open and unguarded.
 

 The trial court at the close of the plaintiff’s evidence sustained a motion of the defendant the East Ohio Gas Company for a directed verdict in its favor. A like motion of the city was overruled, and the plaintiff thereupon dismissed her ease against the city without prejudice. Judgment was rendered against .the plaintiff and in favor of the East Ohio
 
 *10
 
 Gas Company, which was affirmed by the Court of Appeals.
 

 Aside from the physical facts described in the record — being that the contractor who constructed the concrete sidewalk had thereby completely covered the shut-off box of the East Ohio Gas Company, and thereafter the portion of the sidewalk covering said shut-off box had been removed, leaving the hole or depression complained of — there is the evidence of a young man, employed in a nearby store, that some three or four weeks after the walk was completed he had seen a man in overalls using a crowbar upon the walk, jabbing up and down in the vicinity of such shut-off box, and that thereafter this man got into a truck with ‘‘The East Ohio Gas Company” printed on it, and having in it some tools, whereupon the driver of the truck “headed towards town.” The witness testified that thereafter he observed a hole around the shut-off box in question, but stated that its appearance indicated that it had not been made with a crowbar.
 

 The husband of the plaintiff, who accompanied her at the time of the alleged injury, testified that the hole or depression was about ten or twelve inches in diameter and four or five inches deep, and that there was a piece of paving brick in it. He further stated that the plaintiff’s foot was caught between the brick and the side of the hole.
 

 This is, in substance, all the evidence adduced which was relied upon to create a liability against the gas company. There being an entire lack of proof that the workman in question was an employee of the gas company, or acting with its authority, express or implied, or in pursuance of its
 
 *11
 
 business, the relation of master and servant, essential to render the former liable for the act of the latter and to warrant a recovery, is not shown. Even if the theory be indulged that the hole had been made for the purpose of uncovering the shut-off box and for the benefit of the company, and therefore probably made by its employee, the presence of. the brick cannot be accounted for upon such theory, and the evidence indicates that but for the presence of the brick the injury would not have been caused.
 

 The rule applicable to the situation thus presented has been so recently announced in a case so nearly parallel,
 
 Sobolovitz
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140 N. E., 634, that a discussion.of the principle applicable is deemed unnecessary. The judgment of the trial court and the affirmance thereof by the Court of Appeals were correctly based upon the decision of this court in that case. The judgment is affirmed.
 

 Judgment affirmed.
 

 Day, Kinkade, Robinson, Jones and Matthias, JJ., concur..
 

 Allen, J., dissents.