## WESTERN UNION TELEGRAPH CO. v. KIRBY.

Circuit Court of Appeals, Third Circuit. January 14, 1930.

No. 4190.

Howard Burtt and Guckes, Shrader, Burtt & Thornton, all of Philadelphia, Pa., and Francis R. Stark, of New York City, for appellant.

John V. Horan, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. █ The plaintiff was struck by a bicycle of the ordinary pedal type operated by a messenger boy. She brought this suit against the Western Union Telegraph Company for damages, charging negligence, and proved, inter alia, that the messenger boy wore insignia of the defendant company and that the bicycle which he rode carried the name of the company on a plate suspended from the upper bar of the frame. On this evidence she relied in proof of a prima facie case covering the boy's agency for the defendant, his employment in its business at the time of the accident and its liability for his torts. The defendant introduced evidence which tended to prove that, though both boy and bicycle were marked as the plaintiff said, the bicycle belonged to the boy and at the time of the accident he was off duty and therefore not engaged in its business, and in consequence it was not liable for his torts. Refusing the defendant's motion for binding instructions, the court submitted the case and the plaintiff had a verdict. The defendant brings the judgment here by appeal, charging by three assignments that the court erred in denying its motion for a new trial, in holding, in its opinion denying the motion, that there was evidence to submit to the jury—matters clearly not reviewable on appeal—and in refusing its motion to bind the jury by the instruction that "Under all the evidence your verdict must be for the defendant."

█ By this assignment—which really brings into view the questions sought to be raised by the others—the defendant does not raise any question growing out of the issues of negligence but confines itself to the question whether there was evidence that the messenger boy, admittedly in its employ, was at the time of the accident engaged in its business and asks us to lay down a rule that wearing the employer's uniform and riding a bicycle marked with its name are not in themselves sufficient to raise a presumption or inference that the employee was, then and there, engaged in its business. We decline to make such a rule, for this case must be decided on its facts, controlled by applicable law, which we find to be the law of Pennsylvania.

The Pennsylvania rule distinguishes between essential proofs in cases of accidents by private automobiles and accidents by business trucks and taxicabs. In respect to the former it applies the general rule of a master's responsibility for his servant and his liability for his servant's torts, which requires proof by the plaintiff that the defendant was the owner of the car, that the driver was his servant, and that his servant was at the time engaged in his master's business. Buck v. Quaker City Cab Co., 75 Pa. Super. Ct. 440; Scheel v. Shaw, 252 Pa. 451, 97 A. 685; Farbo v. Caskey, 272 Pa. 573, 116 A. 543.

We are not concerned with the automobile law. We have to do with the law which applies to trucks and taxicabs—business vehicles—and then only after we shall have determined that a bicycle, whether owned by the defendant or not, Burns v. Flaherty Co., 278 Pa. 579, 123 A. 496, used in the defendant's business, is a business vehicle that comes within the Pennsylvania truck and taxicab rule. We hold it is. The reason that Pennsylvania courts distinguish between a business car and a private car in accident cases is that on the business truck and taxicab are certain indicia of ownership, agency and use in the owner's business which, raising a presumption of the existence of those elements, dispense with their formal proof. The distinction is not based on the difference in the size of the vehicles but on the difference in their use and in what they themselves tell, or do not tell, and on the corresponding difference in the necessity of proofs. In Moses v. Quaker City Cab Co., 84 Pa. Super. Ct. 157, the court, recognizing this distinction, said, that while, in the case of a private car accident, the burden is on the plaintiff to prove that the car was being used by the owner or his employee in the owner's business in order to charge the owner with negligence, "such is not the case with regard to business trucks and taxicabs which are *presumed* to be used in the connection with the owner's business, in the absence of evidence to the contrary." That there is such a presumption of employment in the master's business at the time of the accident, to be gathered from the insignia of employment which the master has furnished his servant and from the use of the vehicle bearing the master's business name, runs all through the Pennsylvania cases in respect to trucks and taxicabs. Bicycles, so marked and so used by employees when so classified by badge or dress, are not, because of the difference in size and motive power, any less business vehicles than trucks and taxicabs. They have the same marks and, in

essence, the same uses as the large business vehicles, which, distinguished from pleasure vehicles, present the same reasons for the presumption of law as to the driver's agency and employment.

But the important question, pointed out in Holzheimer v. Lit Bros., 262 Pa. 150, 105 A. 73; Sieber v. Russ Brothers Ice Cream Co., 276 Pa. 340, 120 A. 272, and Williams v. Ludwig Floral Co., 252 Pa. 140, 97 A. 206, is whether a court should direct a verdict for the defendant when it has introduced evidence to overcome the presumption, or, regarding the presumption as evidentiary, it should submit it, together with the controverting evidence, to the jury. In some states the courts themselves decide when testimony in conflict with the presumption overturns the presumption when it is not supported by testimony and dispose of the case accordingly, whether by directed verdict or otherwise; but in the Pennsylvania cases, and especially in the Holzheimer and Williams Cases, the Supreme Court of that commonwealth speaks of the presumption as matter which, as usual, stands in place of evidence and directs that the question whether the evidentiary presumption has been overcome by evidence for the defendant should be submitted to and decided by the jury on the theory that it is the exclusive province of the jury to pass upon the defendant's evidence and its sufficiency and, of course, to pass upon the credibility of the witnesses. Such being Pennsylvania law, it was perhaps for that reason that the learned trial judge adopted it as the law of this case and submitted both the presumption of the messenger boy's agency and employment at the time of the accident and the contradictory testimony to the jury. In this we find no error. The "dangerous possibilities" of submitting such a prima facie case to a jury and the difficulty which this defendant employer would have to find evidence in rebuttal that the messenger was at the time of an accident not engaged in its business, to which the defendant adverts, are matters inherent, and inescapable, in accident cases of this kind. Moreover, the difficulties are not all on the side of the defendant. But for the presumption, a plaintiff would find it equally difficult —if not impossible—to prove the messenger's employment at the time in his master's business. Whether or not the jury in this case erred in accepting the presumption for the plaintiff and rejecting the persuasive testimony for the defendant is, of course, a matter not open to review or correction by appeal.

The judgment is affirmed.