**CROCKER FIRST NAT. BANK OF SAN FRANCISCO v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 6692.**

Circuit Court of Appeals, Ninth Circuit.
May 31, 1932.

Bernhard Knollenberg, of New York City (Morrison, Hohfeld, Foerster, Shuman & Clark, of San Francisco, Cal., and Lord, Day & Lord, of New York City, of counsel), for appellant.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and .S. Dee Hanson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and C. E. Lowery, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This appeal arises on a petition to review the decision and order of the United States Board of Tax Appeals affirming the determination by the Commissioner of Internal Revenue of a deficiency tax of $2,888.08 due from appellant for the year 1926. 22 B. T. A. 1159. The facts were stipulated by the parties and are as follows:

"1. In 1925 a merger of several banks was effected and the petitioner acquired certain banking premises situated on the northwest corner of Montgomery and Post Streets, San Francisco. A part of the premises consisted of an annex which was in part a two-story and basement structure that had been erected shortly before 1925 with a foundation said to be about twenty feet deep.

"2. During the calendar year 1926 an old building adjoining the bank's two-story structure was razed and a new building of about twenty-five stories, known as the Hunter Dulin Building, was erected. The Hunter Dulin Building's foundation was about ten feet deeper than the petitioner's annex on the side adjoining the new building. The local building regulations required that adjoining foundations extend down to the same level. Accordingly, a new brick foundation was placed below the whole foundation, of varying depths and widths, in accordance with the adjoining new foundations.

"3. In addition, the petitioner decided that since this work was necessary, it would be advisable to place larger steel columns in the wall adjoining the new building from the ground to the top of the second story, in the portion of the annex consisting of two stories, in order that in the event it was decided to extend the two stories to a greater number of stories, in the portion of the annex fronting on the street, the columns enclosed in the wall would be adequate as well as the deepened foundations.

"4. The cost of the steel columns, including installation, was $6,000. The cost of the added foundation was $22,433.51, and the engineers' fees were $2,500, making a total cost of $30,933.51.

"5. The petitioner concedes that the amount of $6,000, representing the estimated cost of the steel columns, is a capital expenditure and not a proper deduction from gross income.

"6. Petitioner deducted the entire sum of $30,933.51 on its income tax return for the calendar year 1926. The respondent has disallowed this deduction in full."

The Board of Tax Appeals, affirming the Commissioner's determination, held that the cost of the added brick foundations, $24,933.51, constituted a nondeductible capital expenditure, recoverable by depreciation deductions, and not an ordinary and necessary business expense or a loss, as contended for by appellant.

The provisions of the Revenue Act of 1926 here involved are the following:

"Sec. 215. (a) In computing net income no deduction shall in any case be allowed in respect of * * *

"(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. * * *"

"Sec. 234. (a) In computing the net income of a corporation subject to the tax imposed by section 981 of this title there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise. * * *" (26 USCA §§ 956 (a) (2), 986 (a) (1, 4).

The sole question presented is whether the appellant's expenditure for deepening the foundation of this building in 1926 is deductible as an ordinary and necessary expense or a loss not otherwise compensated for, or is a

nondeductible capital expenditure for permanent improvements or betterments within the meaning of the above-quoted provisions.

In Parkersburg Iron & Steel Co. v. Burnet, Commissioner of Internal Revenue (C. C. A.) 48 F.(2d) 163, 165, the court, dealing with similar provisions of the Revenue Act of 1918, said: " * * * Whether or not a given outlay actually results in ultimate advantage to the taxpayer does not determine whether such outlay is to be treated as representing permanent improvement; that is, a capital expenditure, or merely current upkeep, that is, repairs. The true test is rather the nature of the expenditure in and of itself, for, as the government rightly contends, an alteration may be made expressly for the purpose of increasing the value of a given property; and, though it may fail to accomplish that purpose, it nevertheless may remain a capital expenditure. The extent and permanency of the given alteration are indicative of its true character."

The stipulation of facts shows that the deepened foundation, together with the new steel columns enclosed in the wall, were intended to be an adequate support for additional stories in case it is decided to increase the height of the building. It is conceded that the cost of the steel columns is a capital expenditure and not a proper deduction from gross income. The only basis for a distinction between the expenditure for the steel columns and that for the new foundation is that the latter was required by law (see Cal. Civ. Code, § 832, and stipulation as to building regulations, supra), while the former was made in absence of such compulsion. This difference cannot change the essential character of the expenditure. Parkersburg Iron & Steel Co. v. Burnet, supra. The deepened foundation was a permanent improvement or betterment and the cost thereof properly classed as a capital expenditure. See, also, Black Hardware Co. v. Commissioner (C. C. A.) 39 F.(2d) 460; Marble & Shattuck Chair Co. v. Commissioner (C. C. A.) 39 F.(2d) 393.

Appellant contends that the decision of this court in Seufert Bros. Co. v. Lucas, 44 F.(2d) 528, is decisive of the present case. In that case we held that the money paid by appellant to obtain a rerouting of the highway in order to avert its going through appellant's orchard was deductible as a loss. That case is clearly distinguishable from the case at bar because there the expenditure resulted in no physical change in the premises, nor did it add to their value, while here the

$24,933.51 expended resulted in permanent physical alteration of the premises, undoubtedly increasing the value thereof. The principle announced in the Seufert Bros. Case is not applicable to the case at bar.

We find no error in the decision of the Board of Tax Appeals and the same is therefore affirmed.

Order affirmed.