### DISMANG v. WESTERN UNION TELEGRAPH CO.

No. 2630.

District Court, N. D. Oklahoma.
Oct. 11, 1938.

784

Font L. Allen and Mills & Cohen, all of Tulsa, Okl., for plaintiff.

Bridges & Parry, of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

This case was tried to the Court and a jury. At the close of all the evidence defendant moved for judgment. Ruling on the motion was reserved and the case submitted to the jury, which returned a verdict for plaintiff.

Plaintiff was injured by being run down by a boy on a bicycle. There was no testimony as to who the boy was, by whom he was employed, or in what business he was engaged. He was riding a bicycle which bore a tag or plate with the words "Western Union" on it, and he was dressed in a uniform of the kind commonly worn by Western Union messengers. The defendant employs messengers in the City of Tulsa, where the accident occurred, and furnishes them suits and caps and signs for their bicycles. The messengers own their own bicycles. A company rule requires that all messengers wear uniforms when on duty and that they change back to their own clothes at the end of their hours of service.

Is this sufficient to prove that the boy was an employee of the defendant, and to raise a presumption that he was acting within the scope of his employment and in the discharge of his duties to his master at the time of the injury? If this question is answered in the affirmative, then there is the question as to the effect of the undisputed evidence that the rule as to wearing uniforms was not always observed, and that at the time of the accident defendant had no messages for delivery requiring the presence of a messenger in the vicinity where the accident occurred, which was several blocks from defendant's nearest office.

■ The law of the State of Oklahoma must furnish the answers to these questions, insofar as that law has been declared in its statutes and decisions. Western Union Tel. Co. v. Kirby, 3 Cir., 37 F. 2d 480; Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487.

■ Boling v. Asbridge, 84 Okl. 280, 203 P. 894, and Kramer v. Nichols-Chandler Home Bldg. & Brokerage Co., 90 Okl. 227, 220 P. 338, relied on by plaintiff, must be discarded as being no longer the law in Oklahoma on the matters here under discussion. Stumpf v. Montgomery, 101 Okl. 257, 226 P. 65, criticizes the first case, overrules the second, and lays down the rule that in automobile accident cases there must be direct evidence of (1) ownership of the car, and (2) of the relationship of master and servant between owner and driver in order to raise a presumption that the servant was acting within the scope of his employment. See, also, Woody v. Utah Power & Light Co., 10 Cir., 54 F.2d 220. For a resume of the various rules relative to the presumption mentioned, see Department of Water, etc., v. Anderson, 9 Cir., 95 F.2d 577, and cases and notes therein cited. Proof of defendant's ownership of the vehicle is required by all these rules. Ordinarily a defendant's name on a vehicle may be regarded as evidence of ownership, but in view of the uncontradicted evidence as to ownership of bicycles by the messengers, the tag on the bicycle is no foundation for any presumption.

■ Under the Oklahoma law, if ownership by defendant is not shown, there must be direct evidence of the existence of the employment and that the servant was engaged in his master's business, there being no presumption of the latter from proof of the former. Barall v. McDonald, 172 Okl. 276, 44 P.2d 997; Neilan Co. Ltd. v. Miller, 175 Okl. 104, 52 P.2d 783. And see Sobolovitz v. Lubric Oil Co., 107 Ohio St. 204, 140 N.E. 634; Lashure v. East Ohio Gas Co., 119 Ohio St. 9, 162 N.E. 41.

■ The tag affixed to the bicycle might, and I believe does, give rise to an inference that the bicycle to which it was attached belonged to an employee of defendant. It is a circumstance tending to prove—although insufficient standing alone —that the rider was an employee of defendant.

The wearing of the uniform also tends to identify the wearer as an employee of defendant. See Phillips v. Western Union Telegraph Company, 194 Mo.App. 458, 184 S.W. 958, (apparently disapproved on other grounds, 270 Mo. 676, 195 S.W. 711, L. R.A.1917F, 489); Deep Rock Oil Corporation v. Fox, 178 Okl. 516, 63 P.2d 24;

Western Union Telegraph Co. v. Brown, Tex.Civ.App. 297 S.W. 267; Tieman v. Red Top Cab Co., 117 Cal.App. 40, 3 P.2d 381; Western Union Telegraph Co. v. Hale, 5 Cir., 277 F. 422. I conclude that the testimony as to the tag and uniform make out a prima facie case that the person who struck plaintiff was employed by defendant.

Does the evidence show, or raise the presumption, that the employee was on company business at the time and place of the accident?

The messengers might, and undoubtedly did, ride their bicycles when off duty as well as when on duty. I therefore conclude that the mere fact that plaintiff was struck by a boy on a bicycle bearing a Western Union tag is not sufficient to raise any presumption that the boy was engaged in his employer's business at the time. See Postal Telegraph Cable Co. v. Industrial Accident Commission, 1 Cal.2d 730, 37 P.2d 441, 96 A.L.R. 460; Western Union Tel. Co. v. Kirby, 3 Cir., 37 F.2d 480, apparently contra, is decided under the law of Pennsylvania and is not regarded as of weight here. But this and the further testimony as to the uniform and the company's rule that messengers were required to change into street clothes at the end of their service, I hold to be sufficient to raise the presumption. That the rule was sometimes violated does not change the result. The jury would be entitled to believe that violations were the exception, and that generally employees obeyed the rule. This was at least sufficient to put defendant on proof. In addition to the cases already cited, see Western Union Tel. Co. v. Scrivener, 57 App.D.C. 120, 18 F.2d 162; Western Union Tel. Co. v. Kirby, 3 Cir., 37 F.2d 480; Western Union Tel. Co. v. Lamb, 140 Tenn. 107, 203 S.W. 752; Greene v. Pennington, 270 Ky. 28, 108 S.W.2d 1013. It should be noted that in many of these cases there were other pertinent circumstances tending to show that the agent was on his master's business; for example, that the messenger had a telegram in his hand, or that after the accident he went immediately to his master's office, or that at the time of the accident the employee made an admission, or that the accident was in the immediate vicinity of defendant's office. These strengthen the presumption. The case at bar, in my opinion, contains the minimum of evidence on which the presumption may be based and I am not too confident of my conclusion as to its sufficiency. Compare Clower v. Western Union Tel. Co., 18 Ga.App. 775, 90 S.E. 730.

I now consider whether or not the presumption was rebutted.

The Phillips Case, supra, 194 Mo.App. 458, 184 S.W. 958, 959; Brown Case, supra, Tex.Civ.App., 297 S.W. 267; Tieman Case, supra, 117 Cal.App. 40, 3 P.2d 381; Hale Case, supra, 5 Cir., 277 F. 422; Scrivener Case, supra, 57 App.D.C. 120, 18 F.2d 162; Lamb Case, supra, 140 Tenn. 107, 203 S.W. 752, and others of the same class, deal only with the sufficiency of the plaintiff's evidence to raise the presumption. In none of them did defendants introduce evidence tending to rebut the presumption. These cases are therefore laid to one side as having no bearing on the question under discussion.

If the evidence is not conflicting—and it is not conflicting in the case at bar—the Court must decide whether the presumption has been rebutted, and if the decision is that it has, should direct a verdict accordingly. Upon the introduction of evidence by defendant, the presumption disappears and the case must be determined upon the facts, without regard to the previously existing presumption. McCullough v. Harshman, 99 Okl. 262, 226 P. 555; Stumpf v. Montgomery, 101 Okl. 257, 226 P. 65, 32 A.L.R. 1490; Echols v. Hurt, 116 Okl. 43, 243 P. 493. See, also, Texas News Company v. Lake, Tex.Civ. App., 58 S.W.2d 1044; De Camp v. Comerford, 134 Okl. 145, 272 P. 475; Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819.

I have stated my opinion that the plaintiff's evidence here is barely sufficient to raise the presumption. It therefore requires but slight evidence to rebut the presumption. Defendant's proof that it had no messages for delivery requiring a messenger's presence in the vicinity of the accident, I regard as sufficient for that purpose, although it also is a minimum. As said in Western Union Telegraph Co. v. Phelps, 160 Va. 674, 169 S.E. 574, where there was proof by defendant similar to that in the case at bar [page 575]: "It is useless to speculate on the reason or purpose for his presence at the point of the accident or to determine what his purpose was. He certainly was not there to deliver or receive any telegram or message for the company, even though, at the time,

he had not gone off duty for the day. His employment did not require him to be there. If he was there on a mission of his own and not in the interest of the company, it could not be held liable to the plaintiff for her injuries." See, also, Green v. Western Union Tel. Co., Mo. App., 58 S.W.2d 772.

 Regardless of all this, the Court is impelled to say that it views with suspicion the testimony of the two witnesses for plaintiff who testified that they saw the accident, but did not stop to see if plaintiff was injured, especially in view of the circumstances stated by them as to how plaintiff discovered them to be available as witnesses for her. It may be here observed, that such alleged accidents as the one under consideration are rarely reported to the peace officers whose duty it is to investigate such accidents. It would have materially aided the plaintiff's action had she promptly reported the accident to an officer whose duty it would have been to have promptly made an investigation as to how the accident occurred and as to the parties involved. Speaking generally, plaintiff's evidence as a whole has not that probative force which should be required for the determination of the rights of parties litigant. The Court, for these reasons, is unable to approve a verdict in favor of plaintiff.

Upon the record, the Court is of the opinion that the motion for a directed verdict, which was taken under advisement at the time, should have been sustained. Therefore the verdict is set aside and judgment entered for the defendant.