## McCULLOUGH et al. v. HARSHMAN.

No. 11218—Opinion Filed June 12, 1923.

Rehearing Denied April 1, 1924.

Second Rehearing Denied June 10, 1924.

**1. Parent and Child—Negligence of Child—Liability of Parent.**

A parent, as such, is not liable for the negligence of a child in handling an instrumentality furnished by the parent where the instrumentality is not per se dangerous, unless at the time of the act complained of the child was engaged in the pursuit of some purpose incident to the business of the father. "Business," as here used, includes the pleasure, comfort, and convenience of the father's family.

**2. Same—Negligent Driving of Automobile by Child.**

Where a minor son negligently drives his father's automobile, causing injury to third person, the presumption is that he was acting as the agent or servant of the father, but where this reciprocal relation is clearly disproved by uncontroverted testimony, then the presumption no longer exists. In such case it is prejudicial error to refuse to direct a verdict in favor of the father.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Everett Harshman against Bryan McCullough and S. S. McCullough for damages resulting from the negligent use of an automobile. Judgment for plaintiff, and defendants bring error. Reversed, and remanded, with directions.

On December 2, 1916, about 11:30 p. m., Everett Harshman was driving south from the city of Blackwell in his buggy drawn by one horse, and when at a point about a mile from town he was run into by a Ford car going in the opposite direction and driven by the defendant Bryan McCullough. The car was without lights and was upon the wrong side of the road. As a result of the collision, the horse being driven by Everett Harshman was so badly injured that it had to be killed, and the buggy and harness were damaged, and he, himself, was thrown violently from the buggy. This action was for $200.00, the value of the horse, $15 damage to the buggy, $3 damage to the harness, and $500 for injury to plaintiff's health. He asked for a further sum of $500 as punitive damages. Defendants filed separate answers, each entering a general denial and setting up contributory negligence. Plaintiff seeks to fix liability in this case upon S. S. McCullough by alleging him to be the father of Bryan McCullough, a minor, and by his ownership of the Ford car which Bryan McCullough was driving at the time of the accident. S. S. McCullough was a physician and used the car in his practice, permitting members of his family, including Bryan, to use it when not needed by him. Each of the separate answers of the defendants specifically denied that Bryan McCullough was driving the Ford car as the agent or servant of his father, S. S. McCullough, but allege that he was upon a business mission of his own at the time of the accident. After the testimony was closed, defendants requested a directed verdict in favor of defendant S. S. McCullough, which was refused by the court and exceptions reserved. This action of the court is assigned as error.

Plaintiffs in error will be hereafter referred to as defendants, and defendant in error as plaintiff, as they appeared in the lower court.

H. S. Gurley, for plaintiffs in error.

J. E. Curran, for defendant in error.

Opinion by LOGSDON, C. There are 12 assignments of error in the petition in error herein, but only three propositions are presented and urged in the brief of defendants, as follows:

"First. The defendant, Dr. S. S. McCullough, under the evidence as disclosed by the record could in no event be held liable for any damages suffered by the plaintiff by reason of the accident.

"Second. The jury brough in two verdicts against the defendant, Bryan McCullough; one a general verdict and the other a special verdict for punitive damages. This was error. Also it was error to submit to the jury the question of punitive damages as against

Bryan McCullough, for the reason that the evidence did not warrant such an instruction.

"Third. Treating the question generally as to both defendants, the judgment of the court should be reversed on account of erroneous instructions given by the court and the refusal of the court to give certain instructions offered by the defendants."

A discussion of the first proposition is simplified by reason of the express provision contained in sec. 8041, Comp. Stats. 1921 (Rev. Laws 1910, sec. 4383), as follows:

"Neither parent or child is answerable, as such, for the act of the other."

This statutory provision limits a consideration of the matter to the question of whether the relation of master and servant, or principal and agent, existed between the defendants so as to make the one liable for the negligent acts of the other. But the uncontroverted testimony in the case eliminates the theory of master and servant or principal and agent, unless one or both is applicable by reason of the ownership of the car by S. S. McCullough and its permissive use by Bryan McCullough. There is no contradiction of the fact, nor even an effort so to do, that Bryan McCullough, at the time of the accident, was using the car for his own purposes in hauling passengers for hire, and not upon any business of his father, nor for the pleasure of other members of the father's family or guests.

What, then, are the reciprocal relations, if any, between father and son in this case which render the father liable for the negligence of the son?

The first expression of this court upon this subject is found in the case of McNeal v. McKain, 33 Okla. 449, 126 Pac. 742. Both plaintiff and defendant cite this case and quote from it liberally in their briefs, each claiming it as authority for his contention in this case. It is well, therefore, to bear in mind the facts then before this court, and which formed the predicate for the able discussion by Justice Williams of the principles involved. The statement of the case is brief, and in the following language:

"On the theory of the plaintiff's evidence, the injuries were occasioned through the negligent handling of defendant's automobile by his son, Paul, who was then a minor and living with his father, the defendant; and Paul operated said machine with the consent of the defendant, and, when the accident happened, he was driving with a guest of his (defendant's) daughter."

Justice Williams states the legal proposition considered and determined in that case thus:

"Plaintiff claims to be entitled to recover, not on the ground of the parental and filial relation, but because the son, Paul, in the operation of the defendant's machine, was his servant and engaged in his business, and the defendant was liable for his negligence."

After an exhaustive and painstaking review, and citation of authorities, it is concluded in that case that under the facts stated the relation of master and servant existed, and the father was held liable. That this holding is in conformity with the best judicial thought is shown by the following language in closing the discussion:

"We have been unable to find any case holding that where the father bought an automobile to be used for the purpose of the pleasure of his family, and a minor child, who was a member of his family, either with the express or implied consent of the father, took the automobile out and drove it, carrying therein members of the family, including guests of said family, the child who drove that machine was not the servant, expressly or impliedly, of the father."

That the decision in the McNeal Case was intended to reflect this uniformity of judicial thought is shown by the language of Justice Kane (who was a member of that court and concurred in that opinion) in the case of Boling v. Asbridge, 84 Okla. 280, 203 Pac. 894:

"It is not essential that the agency established should be a business agency or the service a remunerative service." McNeal v. McKain, 33 Okla. 449, 126 Pac. 742."

Neither is it essential that the reciprocal relation should be established by express words or by unequivocal acts. Berry on Automobiles (2nd Ed.) sec. 653; King v. Smythe (Tenn.) 204 S. W. 296; Benton v. Regeser (Ariz.) 179 Pac. 966; Birch v. Abercrombie (Wash.) 133 Pac. 1020; Davis v. Littlefield (S. C.) 81 S. E. 487; Allen v. Bland (Tex.) 168 S. W. 36; Johnson v. Evans (Minn.) 170 N. W. 220. But it is essential that something further be shown than that the relation of parent and child existed, and that the father was the owner of the instrumentality used by the child in committing the tort. This is so by reason of the language of our statute, supra, but it is likewise impelled by the general law of agency and of master and servant. In Labatt's Master & Servant (2nd Ed.) sec. 2281, the author says:

"It is a well-settled rule that, wherever the master intrusts a horse or carriage or anything which may readily be made an implement of mischief, to his servant to be used by him in furtherance of his master's business, or for the execution of his orders, the master will be responsible for the negligent management of the thing intrusted to the

servant, so long as the latter is using it or dealing with it in the ordinary course of his employment. On the other hand, it is agreed that evidence which goes no further than to show that the instrumentality by means of which or in respect of which a servant committed a certain tort was owned by the master is not sufficient to establish a vicarious liability on the part of the master. Such evidence, it is obvious, is equally consistent with the inference of a loan or license, or with the inference of a user by the servant for his own purposes, without the knowledge or consent of the master."

In McNeal v. McKain, supra, this court expressly refused to approve the Missouri rule announced in the case of Daily v. Maxwell (Mo.) 133 S. W. 351, which went to the extent of fixing liability on a father for the use of the family automobile by the son for his own purposes and pleasure. And the Supreme Court of Missouri has since repudiated that doctrine and overruled the Daily Case in the case of Hays v. Hogan (Mo.) 200 S. W. 286. In speaking of the doctrine of the Daily Case that court says:

"But the doctrine, we think, has no firm foundation in reason or common sense. In theory it overlooks well settled principles of law; in practice it would interdict the father's generosity, and his reasonable care for the pleasure or even the well being of his children by imposing a universal responsibility for their acts."

In Watkins v. Clark (Kan.) 176 Pac. 131, the same principle is announced in this language:

"The fact that the automobile was purchased for use by the owner's family did not make him generally responsible for its subsequent operation, and because the car was subject to appropriation by the members of his family for their own use, there is no presumption that any particular trip was in his behalf. The use made of the car on any particular occasion is a question of fact, to be determined by evidence showing the fact, and in this instance there was no evidence that anybody was concerned except the daughter."

To the same effect see: Cavenagh v. Dinsmore 12 Hun. (N. Y.) 468; Maher v. Benedict, 108 N. Y. Supp. 228; White, etc., Co. v. Rivoux (Ohio) 102 N. E. 302; Arkin v. Page (Ill.) 123 N. E. 30; Spence v. Fisher (Cal.) 193 Pac. 255; Elms v. Flick (Ohio) 126 N. E. 66; Blair v. Broadwater (Va.) 93 S. E. 632; Smith v. Weaver (Ind.) 124 N. E. 503; Mayes v. Fields (Mo.) 217 S. W. 589; Weiner v. Mairs (Mass.) 125 N. E. 149; Gardiner v. Solomon (Ala.) 75 South. 621; Woods v. Clements (Miss.) 74 South. 422; Reynolds v. Buck (Iowa) 103 N. W. 946.

In the case of McFarlane v. Winters (Utah) 155 Pac. 437, a blanket case with the case at bar, the Supreme Court of that state says:

"All the evidence the plaintiff produced to establish the doctor's responsibility for the acts of his son, Glen, was that the former owned the automobile and that the same was at the time being used with his permission or consent by the son. This is not sufficient."

But plaintiff insists in his brief that "the mere ownership of the car raises the presumption that the driver was the agent of the owner." This is true under the language of Justice Kane in Boling v. Ashbridge, supra, but the presumption merely stands in lieu of proof of the agency, and when the agency is clearly disproved by uncontroverted testimony the presumption is overcome and dispelled, and no longer exists.

It is therefore concluded that it would be unwarranted to extend the rule announced in the case of McNeal v. McKain, supra, to the state of facts shown by this record, and that the refusal of the trial court to direct a verdict in favor of the defendant S. S. McCullough, was prejudicially erroneous. The conclusion here reached is not in conflict with, but harmonizes with, the case of Dillingham v. Teeter, 91 Okla. 165, 216 Pac. 463, just recently decided by this court, opinion by Pinkham, C., which is within the limits of the rule announced in McNeal v. McKain, supra. This renders it unnecessary to discuss the other propositions raised by the assignments of error, as they will not likely recur on another trial.

The judgment of the lower court should be reversed, and the cause remanded, with directions to the trial court to grant a new trial herein, and for further proceedings in conformity with the views herein expressed.

By the Court: It is so ordered.