## WHITEHORN v. MOSIER.

No. 15868—Opinion Filed Sept. 29, 1925.

Withdrawn, Corrected, Refiled, and Rehearing Denied April 13, 1926.

**1. Principal and Agent—Burden of Proof of Agency.**

The law itself makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence, but its nature and extent, rests ordinarily upon the party who alleges it. McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558.

**2. Same—Master and Servant—Liability for Torts of Others.**

Where it is sought to hold one person responsible for the torts committed by another, whether such other be a member of the family or a stranger, it must be made to appear by competent evidence that the relationship of principal and agent or that of master and servant existed between the two at the time the tort was committed, and in addition to that, the tortuous act complained of was committed in the course of the employment of the servant, or was within the scope of the agency.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by Iva L. Mosier against John Whitehorn et al. Judgment for plaintiff, and defendant John Whitehorn appeals. Reversed and remanded.

G. B. Sturgell and J. C. Cornett, for plaintiff in error.

Phil W. Davis, Jr., and T. L. Brown, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Tulsa county by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, and in the trial court, Ollie Whitehorn and Herbert Walker were also defendants. The action was to recover damages for an injury sustained by the plaintiff, Iva L. Mosier, by reason of an automobile collision, between the car in which the plaintiff was riding and the car owned by the defendant, John Whitehorn, which

at the time of the injury was being driven by Herbert Walker, who was accompanied by Ollie Whitehorn. It is alleged that the automobile driven by Walker was the property of John Whitehorn and Ollie Whitehorn. and that Herbert Walker was acting as the agent or servant of the said John Whitehorn and Ollie Whitehorn, and that by reason of such facts the Whitehorns were each severally and jointly liable for the injury and damage sustained.

To plaintiff's petition, the defendant John Whitehorn filed a general denial, and specifically denied any negligence on his part or connection with the accident, and alleged contributory negligence on the part of the plaintiff. Upon the trial of the case to the court and jury, judgment was rendered in favor of the plaintiff and against all of the defendants in the sum of $15,000. The defendant John Whitehorn filed a motion for a new trial, which was overruled, and judgment rendered by the court in accord with the verdict of the jury, from which order and judgment of the trial court the defendant John Whitehorn prosecutes this appeal. There is no question as to the negligence on the part of the defendant Herbert Walker, and the manner in which the car was being driven at the time of the injury, and no question as to the injury sustained, and while various questions are raised, we are of the opinion that the question of whether or not the relationship of agent and principal, or servant and master existed, is the one question that is decisive of the rights of the parties in this court, and for that reason we do not discuss or make further mention of the other contentions raised.

From an examination of the record, it is disclosed that John Whitehorn and Ollie Whitehorn had lived together as man and wife, but there was some question as to whether or not they were ever legally married, and subsequent to the accident complained of, a decree was granted declaring the marriage to be void and of no force and effect. This decree was granted on the 27th day of March, 1924, and at the time of the accident, John Whitehorn and Ollie Whitehorn were living with the sister of John Whitehorn at Pawhuska, Okla., and the other defendant, Herbert Walker, who was a nephew of Ollie Whitehorn, lived near Sperry and near where the accident occurred. On the evening the accident occurred, John Whitehorn had driven his car from Pawhuska to the home of Mrs. Spybuck who lives between Turley and Sperry, Okla., reaching there late in the evening, and according to his testimony, which is uncontradicted, immediately went to his room and retired, leaving his car in front of the house locked, and placed the key in his pocket. He did not give either of the other defendants, Ollie Whitehorn or Herbert Walker, authority to drive the car that night; in fact, gave no authority to anyone, and so far as the record discloses, he remained in his room during the night, was not with the other defendants at the time of the accident, and was not with them in the car at any time during the evening, and knew nothing of the accident until about 8:30 o'clock the next morning. He further testified that he bought the car himself, and that he was the owner thereof, and that neither Ollie Whitehorn nor Herbert Walker had any interest in said car. The evidence of other witnesses disclosed that Ollie Whitehorn frequently drove the car and frequently accompanied the defendant John Whitehorn when driving the car, and that the defendant Walker frequently drove the car for the Whitehorns, both before and after the accident, when in the vicinity of Sperry where the accident occurred; but there is a total lack of evidence to establish the relationship of agent and principal between the defendant John Whitehorn and the defendant Herbert Walker, or employment of any kind, and no evidence which tends to prove the relationship of master and servant between these parties, or that the defendant Walker was a member of the family; and no evidence tending to prove that the defendants Ollie Whitehorn and Herbert Walker were on any mission for the defendant John Whitehorn at the time the injury occurred. In fact, there is no proof of what their mission was. The defendant John Whitehorn, at the close of the evidence, interposed a demurrer upon the ground that same was insufficient to establish any liability in so far as he was concerned, and we think under the state of the record the court was in error in refusing to grant same.

The Supreme Court of this state has passed on the question here involved, as will be seen from an examination of the cases of McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558; Stumpf v. Montgomery, 101 Okla. 257. 226 Pac. 65; McNeal v. McCain, 33 Okla. 449, 126 Pac. 742, and McCullough v. Harshman, 99 Okla. 262, 226 Pac. 555, and various other authorities which adhere to the same doctrine. In the case of McDonald v. Strawn, supra, this court announces the following rule:

"The law itself makes no presumption of

agency, and the burden of proving agency, including not only the fact of its existence, but its nature and extent, rests ordinarily upon the party who alleges it."

In the case of McFarlane v. Winters (Utah) 155 Pac. 437, in the body of the opinion, 2nd column, p. 439, we find this language:

"We think it may still be safely affirmed that where it is sought to hold one person responsible * * * for the torts committed by another, whether such other be the child of the owner or a stranger, it must be made to appear by competent evidence that the relationship of principal and agent or that of master and servant existed between the two at the time the tort was committed, and in addition to that, that the tortious act complained of was committed in the course of the employment of the servant or was within the scope of the agency."

This citation, we think, correctly states the rule, and the evidence in this case wholly fails to bring the case within the rule. The driver of the car, Walker, was not related to the defendant John Whitehorn, except by marriage, and he was not a member of the family, and as heretofore stated, there is a total lack of evidence to establish agency of any character.

The cases of Spence v. Fisher (Cal.) 193 Pac. 255, and Norton v. Hall, 149 Ark. 428, 232 S. W. 934, are authorities directly in point. Finding no evidence in the record justifying the submission of the case to the jury, in so far as the defendant John Whitehorn is concerned, we find that the case should be reversed and remanded to the trial court for a new trial.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. pp. 919, § 647, 923, §, 662, 925, § 665; 21 R. C. L. p. 822; 3 R. C. L. Supp. p. 1193; 4 R. C. L. Supp. p. 1431. (2) 2 C. J. p. 851, § 535; 26 Cyc. p. 1526; anno. 27 L. R. A. 167; 18 R. C. L. p. 804; 3 R. C. L. Supp. p. 850; 4 R. C. L. Supp. p. 1208.