## CARDER v. MARTIN.

No. 17060—Opinion Filed Nov. 16, 1926.

1. **Automobiles—Damages from Collision— Nonliability for Son's Negligent Driving While not on Mission for Father.**

Where defendant's minor son, after being directed to take defendant's automobile and go to a certain place and purchase a knotter for a corn binder, instead of following the directions so given, set out, after purchasing the knotter, on an independent mission of his own wholly unconnected with the father's business to another place some ten miles from the place to which he had been directed to go, during which trip the machine so driven wrongfully struck another automobile injuring and damaging it, the defendant was not liable though the son was at the time returning from his trip to resume defendant's business.

2. **Same—Rebuttal of Presumption of Son's Agency in Driving Father's Car.**

Where a minor son negligently drives his father's automobile, causing injury to a third person, the presumption is that he was acting as the agent and servant of the father, but when this reciprocal relation is clearly disproved by uncontroverted testimony, then the presumption no longer exists, and it is immaterial that the testimony disproving such relation is brought out in the cross-examination of one of plaintiff's witnesses offered by plaintiff for the purpose of making his case when such cross-examination was proper and developed no conflict in the story of the witness. In such case it is not error to sustain a demurrer to plaintiff's evidence.

(Syllabus by Foster, C.)

Commissioners' Opinion. Division No. 5.

Error from District Court, Kiowa County; E. L. Mitchell, Judge.

Action by Charles M. Carder against E. L. Martin to recover for damages alleged to have been sustained in an automobile collision. Judgment for defendant, and plaintiff appeals. Affirmed.

Geo. L. Zink, for plaintiff in error.

Tolbert, Hunter & Tolbert, for defendant in error.

Opinion by FOSTER, C. This action originated before a justice of the peace of Kiowa county, and was an action by the plaintiff in error, as plaintiff, against the defendant in error, as defendant, to recover damages in the sum of $199, alleged to have been sustained in an automobile accident at the intersection of Western avenue and Third street in the city of Hobart, Okla. From a judgment rendered in the justice court in favor of the plaintiff in error, the defendant in error duly perfected his appeal to the district court of Kiowa county. For convenience the parties will hereinafter be referred to as they appeared in the court below.

After the appeal to the district court the plaintiff filed his amended petition by permission of the court, in which it was alleged that on the 23rd day of August, 1922, a Buick touring car belonging to the defendant was being driven and operated by one Virgil Martin, a son of the defendant, and further alleged that in the driving of said Buick touring car Virgil Martin was then and there acting as the agent of the defendant, E. L. Martin, and was driving said automobile at the request of said defendant and upon his business. The petition then proceeded to allege negligence by the driver of defendant's car as a result of which the accident and damage occurred.

A verified answer was filed by the defendant, among other things denying that the said Virgil Martin was the agent or servant of the defendant, or acting under any authority from the defendant, or that he was engaged upon any business of the defendant, denying any negligence on the part of defendant, and alleging negligence on the part of the plaintiff. A reply was filed by the plaintiff, and upon the issues thus joined the cause proceeded to trial before the court and a jury, and at the conclusion of plaintiff's evidence the defendant demurred thereto; whereupon the plaintiff, by permission of the court, withdrew his announcement of rest, and introduced additional evidence, at the conclusion of which the defendant renewed his demurrer, which was sustained and the cause dismissed. From the judgment dismissing his petition and from an order overruling his motion for a new trial, the plaintiff appeals to this court for review, alleging error in the admission of incompetent, irrelevant, and immaterial testimony on behalf of the defendant, and in sustaining defendant's demurrer to the plaintiff's evidence interposed at the conclusion thereof.

Upon question of agency the plaintiff produced Virgil Martin, a son of the defendant, as a witness in his behalf, and in his examination in chief, he testified that on the 23rd day of August, 1922, he was living and residing with his father on a farm located northwest of the town of Lonewolf and northwest of the city of Hobart, in Kiowa county. and was engaged in assisting his father in the harvesting of some corn; that his father was then and there the owner of a Buick touring car, and witness was told by his father to take said car and go to the town of Lonewolf and purchase a knotter for a corn binder; witness testified that he proceeded to the town of Lonewolf, in obedience to his father's directions, and purchased the knotter, and that while returning to his home with the knotter in the car the accident occurred at the intersection of Western avenue and Third street in the city of Hobart. Upon cross-examination the witness, Virgil Martin, testified that after purchasing the knotter at Lonewolf, and contrary to his father's direction, he drove the car to the city of Hobart, a distance of some ten miles from Lonewolf, for the purpose of visiting a young lady with whom he was acquainted; that after reaching Hobart and attempting to reach the young lady over the phone he visited with friends for a short time, and just as he was starting upon his return home the accident occurred.

We think the testimony of Virgil Martin in its entirety fairly established that at the time of the accident the relationship of master and servant between defendant and Virgil Martin had been suspended, and that there had been such a marked and unusual deviation from the line of duty marked out by the master as to justify the trial court, as a matter of law, in concluding that at the time of the accident Virgil Martin was engaged upon an enterprise exclusively his own. for which the father would not be liable. The trip by Virgil Martin from Lonewolf to Hobart, a distance of some ten miles, was not a slight or casual deviation, such as might bring it within the general scope of the master's business, but was undertaken deliberately and for the purpose of carrying out an enterprise personal to himself and not even remotely connected with the business of his father.

The evidence discloses that E. L. Martin lived in a northwesterly direction both from the town of Lonewolf and the city of Hobart, and therefore, in going from Lonewolf to Hobart, Virgil Martin, his son, was going in a direction opposite to that in which his line of duty should have directed him, and the fact that in returning from Hobart to his home he did not return to Lonewolf would be of little consequence in determining whether the deviation was slight or unusual.

It is true that decisions may be found in other jurisdictions holding that, where there has been a departure by the servant from the route marked out by the master. an accident occurring while the servant is returning to the place of departure will not be regarded as outside the scope of the master's business, since the servant, having accomplished his own purpose. will be regarded as within his line of duty while returning to the place from which he departed.

We think, however. that the correct test to be applied is not so much whether the conduct of the servant was a departure or a mere deviation from his line of duty, but whether, taking into consideration the purpose of his mission and the distance traveled, it could be said that the servant was stepping aside, in some marked or unusual manner, for some purpose wholly disconnected with his employment.

As was said in Tyler v. Stephans Adm'x. (Ky.) 174 S. W. 790, in the second paragraph of the syllabus:

"Where defendant's chauffeur, after taking defendant and her family to a place where he was expected to return for them later, instead of following his general directions to return to the garage, set out on a trip wholly unconnected with the defend-

ant's business, and solely for his own pleasure and the accommodation of a friend, during which the machine struck and killed a pedestrian. defendant was not liable, though the chauffeur was returning from his trip to resume defendant's business."

In the body of the opinion the court said, quoting with approval this statement from the Massachusetts court (Fleischner v. Durgin, 207 Mass. 435):

"The master is not liable if the servant has abandoned his obligation, and is doing something not in compliance with the express or implied authority given, and is not acting in pursuance of the general purpose of his occupation, or in connection with the doing of the master's work. Under this rule the employer has been held responsible for wrongs done to third persons by his driver during incidental departures from the scope of the authority conferred by the employment and upon comparatively insignificant deviations from direct routes of travel, but within the general penumbra of the duty for which he is engaged.

"He (the chauffeur) was acting in disregard of his instructions, and wholly outside his employment, and for a purpose having no relation, even remote, to the business of the master. The extent of the excursion which he undertook on his own account was so disproportionate to the length of the route he was authorized to go that it cannot be minimized to a deviation."

In 39 C. J. page 1362, it is said:

"Where the evidence is conflicting or more than one inference can be drawn therefrom. it is for the jury to determine, under appropriate instructions from the court, whether the servant was acting within the scope of his employment at the time of the injury complained of. On the other hand. where there is no dispute as to the facts and they are susceptible to but one inference, the question is one of law and should not be submitted to the jury."

See. also. Wheeler v. Contoocook Mills Corporation, 77 N. H. 551, 39 C. J. pp. 1295 and 1303.

Plaintiff urges, however, that at the time he rested his examination in chief of Virgil Martin, it had been established, by his evidence, as a matter of fact, that he was the agent of the defendant, and that thereupon a presumption of law arose to the effect that he was acting within the scope of his authority at the time of the commission of the wrong, which could not be overturned by cross-examination merely, and that it was improper in the cross-examination of this witness by the defendant to permit the defendant to show that Virgil Martin, at the time of the accident. was engaged upon an independent mission of his own in no manner connected with the business of the father.

In Stumpf v. Montgomery, 101 Okla. 257, 226 Pac. 65, it is said:

"In an action against the owner of an automobile to recover damages for an injury inflicted by the negligence of the minor child of such owner, in driving the automobile, the plaintiff is not entitled to recover, unless the injuries were the proximate result of the negligence of the driver and unless such driver was the agent or servant of the defendant and was at the time of the accident acting within the scope of his employment or agency."

We think the cross-examination was proper upon the issue of agency, because if it could. be shown that the agent or servant was, at the time of the accident, engaged upon an independent mission of his own, in no wise connected with the business of his principal, the relation of principal and agent could not exist during such time as the agent was so engaged, and the principal could not therefore be made liable. 39 C. J. 1295.

The precise issue in the case to be determined by the jury was whether or not Virgil Martin was the agent of the defendant at the time of the accident.

The jury was entitled to all of the facts relating to this issue, whether brought out in the examination in chief or upon cross-examination, and if the cross-examination developed no conflict in the story of the witness. and served only to make the entire testimony of the witness consistent with itself, it was proper for the court, in passing upon the demurrer to the evidence, to consider the evidence disclosed in both examinations.

The rule governing trial courts in weighing the evidence upon a demurrer thereto, that it should withdraw and ignore evidence unfavorable to the party against whom the demurrer is interposed, has no application where there is no conflict therein, and if evidence is introduced upon cross-examination unfavorable to the party against whom the demurrer is interposed in making his own case, it may be considered by the court in passing upon a demurrer thereto. Carter Oil Co. v. Independent Torpedo Co., 107 Okla. 209, 232 Pac. 419.

The plaintiff called Virgil Martin as a witness in his behalf and asked the following question: "Q. Were you on your way home at the time of this accident? A. Yes." When plaintiff opened the field upon direct examination, the defendant then

had the right to cross-examine upon such points brought out on direct examination as the record discloses.

It was legitimate cross-examination and related to that elicited in the examination in chief. When upon proper cross-examination of Virgil Martin, it was developed that at the time of the accident he was not acting as the agent or servant of his father, but was engaged upon an independent mission of his own, any presumption that Virgil Martin was acting within the scope of his authority disappeared, and this evidence being uncontradicted there remained no question of fact on the issue of agency and scope of authority to submit to the jury.

As was said in McCullough v. Harshman. 99 Okla. 262, 226 Pac. 555:

"Where a minor son negligently drives his father's automobile, causing injury to the third person, the presumption is that he was acting as the agent or servant of the father. but where this reciprocal relation is clearly disproved by uncontroverted testimony, then the presumption no longer exists. In such case it is prejudicial error to refuse to direct a verdict in favor of the father."

It is our conclusion that the trial court committed no error in sustaining defendant's demurrer to plaintiff's evidence and in rendering judgment dismissing plaintiff's action. The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.