## BARALL v. McDONALD.

No. 24828.  April 16, 1935.

Rehearing Denied May 21, 1935.

Check, Lee & Chambers, for plaintiff in error.

H. L. Smith and F. E. Staley, for defendant in error.

PER CURIAM. This action was instituted in the district court of Tulsa county by the defendant in error, as plaintiff, against the plaintiff in error, as defendant. The action was to recover damages for an injury sustained by the plaintiff by reason of an automobile collision between the car in which

he was riding and a car being driven by one Clelen Douglas. It was alleged that the collision was caused by the negligence of Douglas, who was the agent and employee of the defendant, and who was acting within the scope of his employment at the time of the collision which resulted in injury to the plaintiff.

To the plaintiff's petition the defendant filed a general denial and specifically denied that at the time and place complained of, Clelen Douglas was the agent, servant or employee of the defendant, acting within the scope of any employment for or on behalf of the defendant; it was claimed that Douglas was an independent contractor pursuing his own methods and means of work, and that at the time and place complained of, he had abandoned and discontinued his work as such contractor and was upon a business and mission of his own. Contributory negligence upon the part of the plaintiff was also alleged.

Upon the trial of the case to the court and jury, a verdict was returned in favor of the plaintiff for the sum of $4,000. The defendant filed a motion for a new trial, which was overruled, and judgment rendered in conformity with the verdict, from which judgment the defendant prosecutes this appeal. There seems to be no question as to negligence on the part of Clelen Douglas and the manner in which the car was being driven by him at the time of the injury, and no question as to the injury sustained, although there is some question as to its nature and extent. While various questions are raised, we are of the opinion that the question of whether or not the relationship of principal and agent or master and servant existed at the time of the injury, is decisive of the rights of the parties hereto.

From an examination of the record it is disclosed that the plaintiff relied wholly upon the testimony of Clelen Douglas to establish the relationship of principal and agent, or master and servant, and that this relationship existed at the time and place at which the injury occurred. The record discloses that Clelen Douglas, a boy of 17 years of age, was employed by one Roney, the store manager for the defendant, Barall, to work on the Saturday on which this accident occurred. He had worked for the defendant on Saturdays for about two years, but this was his first day to work at this particular store. He was employed to deliver groceries, furnishing the automobile and the necessary gasoline for that purpose; he was also expected to work in the store helping clean up after the day's deliveries had been made. In order to perform the work, he borrowed an automobile from his brother, agreeing with his brother that the automobile would be returned at the end of the day's work with its gasoline tank full of gasoline as it was when he received it at the beginning of the day. Late in the afternoon he made a delivery about two blocks south and west from the store. From that point, and without the knowledge of his employer, he started to a filling station in the opposite direction from the place of last delivery of merchandise from the store. The filling station was about three miles distant, and he was going there to fill the tank with gasoline in compliance with his agreement with his brother; the reason he was going to this particular filling station was because he could get gasoline on credit at that place, which he could not do elsewhere. He still had five gallons of gasoline in his tank at the time he started to the filling station. He would have used the car for other deliveries after returning from the filling station if he were directed to do so. On the way to the filling station, about 6:30 or 7:00 o'clock p. m., and at a point about two miles from the store, the collision occurred in which the plaintiff was injured.

The defendant demurred to the evidence of the plaintiff, which was by the court overruled, and at the end of all the testimony moved for a directed verdict, which was by the court denied, which action the defendant assigns as error.

Where it is sought to hold one person responsible for the torts committed by another, it must be made to appear by competent evidence that the relationship of principal and agent, or that of master and servant, existed between them at the time the tort was committed, and, in addition, that the tortious act complained of was committed in the course of the employment of the servant or was within the scope of the agency. The law itself makes no presumption of agency, and the burden of proving agency, including not only the fact of its existence, but its nature and extent, rests ordinarily upon the party who alleges it. These are well settled principles of law in this jurisdiction. McDonald v. Strawn, 78 Okla. 271, 190 P. 558; Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65; McNeal v. McCain, 33 Okla. 449, 126 P. 742; McCullough v. Harshman, 99 Okla. 262, 226 P. 555.

In the case of Whitehorn v. Mosier, 119

Okla. 155, 245 P. 553, this court quoted with approval from the McDonald v. Strawn Case, supra, in which it is said:

"The law itself makes no presumption of agency and the burden of proving agency, including not only the fact of its existence, but its nature and extent, rests ordinarily upon the party who alleged it."

The court also quoted with approval from the case of McFarlane v. Winters (Utah) 155 P. 437, as follows:

"We think it may still be safely affirmed that, where it is sought to hold one person responsible * * * for the torts committed by another, whether such other be the child of the owner or a stranger, it must be made to appear by competent evidence that the relationship of principal and agent or that of master and servant existed between the two at the time the tort was committed, and in addition to that, that the tortious act complained of was committed in the course of the employment of the servant or was within the scope of the agency."

These citations, we think, clearly state the rule, as applicable to the facts in this case. The plaintiff's evidence discloses that after Douglas had made his delivery of groceries as directed, he did not return to the store, but, instead, started in an opposite direction to go a distance of three miles to fill his automobile tank with gasoline in compliance with an agreement he had previously made with his brother in order to obtain the use of his brother's car. The evidence also discloses that he had five gallons of gasoline in his car at the time he started to the filling station, which was in excess of his needs for performing his duty for the remainder of the day for which he was employed. He needed no more gasoline to use in delivering groceries for the reason that he had plenty. Whether or not the gasoline tank was full or only half full of gasoline could have been of no possible benefit to his employer. It is evident from the plaintiff's evidence that Douglas had gone upon an independent mission of his own in order to carry out an agreement he had made with his brother, in which the defendant was in no wise concerned. In the case of Carder v. Martin, 120 Okla. 179, 250 P. 906, this court said:

"When * * * it was developed that at the time of the accident he was not acting as the agent or servant of his father, but was engaged upon an independent mission of his own, any presumption that Virgil Martin was acting within the scope of his authority disappeared, and this evidence being uncontradicted, there remained no question of fact on the issue of agency and scope of authority to submit to the jury."

In the instant case there was no presumption of agency, or that Douglas was acting within the scope of his employment. The burden of proving this was upon the plaintiff. Having failed to sustain this burden, there was no question to be submitted to the jury, and the court erred in overruling the defendant's demurrer to the evidence.

The case is reversed and remanded to the trial court, with instructions to sustain the defendant's demurrer to the evidence and dismiss the action.

The Supreme Court acknowledges the aid of Attorneys Marvin Shilling, W. D. Potter, and J. B. Moore in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Shilling and approved by Mr. Potter and Mr. Moore, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.