## NEILAN CO., Ltd., v. MILLER.

No. 25737. Dec. 3, 1935.

W. E. Green and J. C. Farmer, for plaintiff in error.

Leo J. Williams, Montgomery & Hough, and M. J. Parmenter, for defendant in error.

PER CURIAM. This was an action by a small boy, about seven years of age, for damages for personal injuries alleged to have been sustained in a car collision between a school bus in which plaintiff was riding, and being driven by one H. A. Searle, and a Chrysler car being driven by Gordon Thomason, said Thomason being the traveling salesman and regular employee of Neilan Company, Ltd., a corporation. Plaintiff's action was one in tort wherein he sued the driver of a school bus, the driver of the Chrysler car, and the employer of the defendant Thomason who was driving the Chrysler car. The plaintiff's petition as against the Neilan Company was upon the theory that Thomason, its traveling salesman, was the agent of said company, and in the performance of his duty as such agent on behalf of the company at the time of the injury.

The jury returned a verdict jointly against all of the defendants for $18,000. Upon considering the motions for a new trial the court suggested a remittitur of $4,000, to which the plaintiff agreed, whereupon the motions were overruled and a joint judgment rendered against the three defendants for $14,000; $10,000 of that judgment was paid by defendants Searle and Thomason, and from the remaining portion of the judgment the Neilan Company perfected this appeal.

A number of errors were assigned in the petition in error, but in its brief the plaintiff in error presents only one question, namely, the question of law as to whether there was sufficient evidence to justify submitting the case to the jury, so far as the appellant company is concerned. On page 3 of its brief the plaintiff in error says:

"The only question involved in the case was whether there was sufficient evidence to take the case to the jury against the defendant Neilan Company."

The plaintiff's petition states that the defendant Thomason was the agent for the Neilan Company and acting in the performance of his duty as such agent, acting on behalf and for the benefit of said company.

at the time of the injury complained of. The defendant Neilan Company denied the allegations of the petition under oath in its answer.

The plaintiff in error admits that the said Thomason was the employee and traveling salesman for the said Neilan Company, but asserts and contends that there is no testimony whatsoever in the record to show who was the owner of the Chrysler car driven by Thomason, or to show that Thomason was in the performance of his duty for the Neilan Company at the time the injury was sustained. Its counsel set forth a narrative abstract of all of the testimony which might in the remotest way point to the proof of such facts, showing that no testimony of that character was introduced, and then makes the assertion that the record contains no evidence whatsoever in proof of such facts ,and insists that its demurrer to the evidence and its motion for a directed verdict should have been sustained.

There is no controversy about the facts. The defendant in error in his brief admits that there was no direct testimony of the facts with reference to the ownership of the car, or that the said Thomason was at the time acting for and on behalf of the Neilan Company, but makes the contention that the Neilan Company was properly held in the case by reason of the presumptions and legal inferences that might arise from the testimony which was offered.

The defendant in error does not make any contention that there was any testimony in the record in addition to that set forth in the brief of plaintiff in error, except a quotation from the opening statement of counsel for the Neilan Company wherein it was admitted that the said Thomason was a regular employee of the Neilan Company, but was not in the performance of that employment at the time of the injury complained of, and the evidence set out on page 5 of his brief, which we quote to be definite as follows:

"Mr. Thomason testified on page 250 of the case-made as follows: Q. What time of the day did the accident happen? A. Late in the afternoon. I would say 4 or 4:30. Q. You lived in Tulsa? A. Yes. Q. How far from the scene of this accident was your home in Tulsa? A. I would say maybe 25 miles. Q. At what time of day in October did it get dark? A. I don't remember particularly. It wasn't dark when this happened. Q. It would be dark in an hour or hour and a half after this happened? A. I don't know what time the sun set. Q. You were going home? A. Yes."

"We believe that it can fairly be inferred from the above that Thomason had been working that morning for his employer and that this accident occurred while he was on his way home."

On page 6 of their brief counsel for defendant in error makes a further admission:

"We realize that the onus of proof was cast on the plaintiff in the first instance to prove both that Thomason was generally in the employ of Neilan Company and that he was acting within the scope of his employment at the time of the accident."

We think the sole question involved in this appeal, so far as the law is concerned, has been definitely settled by this court in Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65; McCullough v. Harshman, 99 Okla. 262, 226 P. 555; Jamar v. Brightwell, 162 Okla. 124, 19 P. (2d) 366, and Russell Products Co. v. Bailey, 162 Okla. 212, 19 P. (2d) 601, and it will not be necessary to resort to decisions of other states, even if they might be found to conflict with our own decisions, until the opinions in these cases are overruled.

In the Stumpf Case, supra, this court, in overruling a former decision in Boling v. Asbridge, 84 Okla. 280, 203 P. 894, said:

"And that the opinion is hereby modified to the extent of holding that before the negligence of the driver of an automobile is imputed to the owner of the car, it is necessary to prove that the defendant was the owner of the car and that the relation of master and servant existed between the driver and the owner of the car, which proof raises a presumption that at the time of the accident the driver was acting for the owner and within the scope of his authority."

It will be remembered that in the case now before the court there is no testimony in the record to show who was the owner of the Chrysler car being driven by Thomason, and no testimony that established the fact that Thomason was at the time in the performance of his duty for the master, his employer, but the only testimony in connection with their relation at all was the admission that Thomason was generally the employee of the company.

In the McCullough Case, supra, the parent was sued for damages resulting from the actions of the child, and it was held that the mere fact of the relation of parent and child was not sufficient, but in that opinion this court went further and applied the reason of

the rule to the identical relation involved in this case, the relation of agency or of master and servant. In that case this court said:

"But it is essential that something further be shown than that the relation of parent and child existed, and that the father was the owner of the instrumentality used by the child in committing the tort. This is so by reason of the language of our statute, supra, but it is likewise impelled by the general law of agency and of master and servant."

The Jamar Case, supra, was another case where the parent was sought to be held liable for the acts of the child and where both the ownership of the car and the parent's consent for the child to drive the car were proven, but this court held:

"Proof that the defendant owned the car and that it was being driven by a child of the defendant at the time of the accident, with his consent, is not sufficient to raise a presumption that the child was acting as the agent of the father and within the scope of his authority."

In the Russell Products Company Case, supra (162 Okla. 212, 19 P. (2d) 601), this court indicated definitely that there must be proof that the employee must be acting within the scope of his employment in order to make the defendant liable. In that case we said:

"There is nothing in the record to show that Willie Phillips was acting within the scope of any employment by the defendant at the time of the injury of the plaintiff. The verdict of the jury and judgment of the trial court are contrary to the evidence, There is no evidence to support them and they must be vacated."

On examination of the texts we find that our foregoing decisions followed the general law. In Berry on Automobiles (5th Ed.) p. 892, it is said:

"The burden is on the plaintiff to show that the automobile was owned by the defendant, and when not operated by the defendant personally, to show that the operator was a servant of the defendant and engaged in the scope of his employment at the time the injury was inflicted."

Also, in Huddy's Encyclopedia of Automobile Law, vol. 15-16, p. 295, it is said:

"In an action against the owner of an automobile for injuries caused by the driver other than the owner, plaintiff has the burden of proving that the driver was the servant or agent of the owner, and that such agent or servant at the time of the injury was acting within the scope of his employment."

We find nothing in the record, and counsel for defendant in error has called nothing to our attention, which constrains us to hold that the mere admission of a general employment is sufficient to justify a legal presumption or a legal inference that Gordon Thomason was acting within the scope of his employment for the Neilan Company at the time plaintiff sustained the injury. The contrary, it seems to us, receives stronger support from the record because of the fact that Neilan Company's counsel in his opening statement to the jury said that Thomason was not in the employ of the Neilan Company at the time of the accident, but had been out to the lake for the purpose of making reservation for duck hunting on the following Thanksgiving, and notwithstanding this statement, plaintiff's counsel did not even make inquiry concerning the questions at issue while Thomason was on the stand as a witness.

The fact of the existence of an agency at a recent time prior to the time of the accident might support an inference that such relation still existed at the time of the accident, but it would not support an inference that the agent was acting in the performance of his duty for the principal at that time. The indulgence of such an inference would utterly destroy the freedom of the agent during the period of his employment and would make the principal responsible for all of the agent's acts during the existence of that relation, whether committed in the performance of his scope of authority and duties for the principal or not.

"A presumption is an inference of the existence or nonexistence of some fact which courts or juries are required or permitted to draw from the proof of other facts; an inference which common sense, enlightened by human knowledge and experience, draws from the connection, relation, and coincidence of facts and circumstances with each other." 22 C. J. 82.

"Presumptions must be based on some necessity, and the court will not go into the domain of presumptions where direct proof can be obtained." 22 C. J. 83.

We are not unmindful of the rule that the judgment of the trial court must be sustained if supported by any competent evidence, and that a judgment may be sufficiently supported by reasonable inference from some other fact in evidence, but there must be something substantial and material from which that inference may be drawn that said Thomason was acting for said Neilan Com-

pany when the accident occurred. If he was not so acting, then the Neilan Company should not be held liable, because that is the only theory under which plaintiff claims liability against said company. Since the burden of proof was admitted to be upon the plaintiff to establish the allegation of his petition in that respect, and since the plaintiff did not only fail to establish that fact, but failed to propound a question upon the subject-matter attempting to prove that fact, after learning from the opening statement of the Neilan Company's attorney that said Thomason was not so acting at the time, it appears to us that the presumption, if one might be indulged in that direction, is against the affirmative of that fact rather than in favor of it.

In view of the foregoing authorities, careful consideration of the record, and the reasons above set forth, the judgment of the trial court is reversed and remanded with directions to the trial court to sustain the motion for a judgment in favor of Neilan Company, Ltd., and dismiss the action with prejudice as against said company.

The Supreme Court acknowledges the aid of District Judge W. P. Keen, who assisted in the preparation of this opinion. The District Judge's analysis of law and fact was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, and CORN, JJ., concur.