## BASCOM v. HODGES.

No. 27940.   Feb. 7, 1939.

A. F. Moss and H. R. Young, for plaintiff in error.

W. E. Green, J. C. Farmer, and R. J. Woolsey, for defendant in error.

DANNER, J.   Plaintiff sued to recover damages from the defendant for the death of her minor son alleged to have been caused by the negligence of W. S. Bissett, defendant's employee, in an automobile accident.   On the conclusion of plaintiff's testimony the court sustained the demurrer interposed by the defendant to plaintiff's evidence.   From this ruling, and from the judgment of the court denying motion for a new trial, the plaintiff appeals.   Under the record the sole question presented for our consideration is:   Does the plaintiff's evidence establish Bissett as acting within the scope of his authority upon business of the defendant, at the time of the accident, so as to render the defendant liable for his negligence.   On this point the evidence establishes:   First, that at the time of the accident, and for several years prior thereto, Bissett was a daytime employee of the defendant as a solicitor of freight for the defendant's freight line business to Oklahoma City;  second, that Bissett or some member of his immediate family was the owner of the car which he was driving at the time of the accident, which automobile was used, generally, in connection with his employment.   The accident occurred about 12:15 in the afternoon of November 12, 1935, while Bissett was driving from the defendant's place of business to his home (a distance of about two miles) for his noonday meal.

W. S. Bissett, called as a witness by the plaintiff, on direct examination, testified as follows:

"Q. Now, then, do you go home for your noonday meal?   A. Yes, sir, always have for 20 years.   Q. For 20 years.   You were, at the time your car came in contact with the little boy who was killed out on Peoria near Tenth street on the 12th day of November, 1935, you were going from your—from one of Hodges' place of business— A. Yes, sir.   Q. To your home?   A. That's right."

On cross-examination the witness testified as follows:

"Q. By whom was the car that you were driving that day owned?   A. That is my sister's, Mary Isabelle Bissett.   Q. Joe Hodges had no interest in the automobile at all?   A. No, sir.   Q. Didn't own it?   A. No, sir.   Q. What were you going home for?   A. Well, my mother, as I said, is blind; she sits all day at home; she looks for me to come home at noon; that is her whole pleasure.   Q. You were going home for your dinner, were you?   A. That's right.   Q. To see your mother?   A. That's right.   Q. You weren't going home to get any telephone calls for Joe Hodges, were you?   A. No, sir."

Some discussion is had concerning telephones installed in defendant's place of business and also in the home of Bissett's mother, with whom he lived.   The defendant's business telephone is listed in the Tulsa directory as follows:

"Hodges, Joe, Transfer, 802 East Archer, 3-6246.   After 8:30 P. M. and before 7:00 A. M. and holidays, call, Davis S. T. residence, 3-4215;  Arrington, F. L. residence, 3-9457;  Mitchell, George, residence 2-7095;  Bissett, W. S., residence, 3-0946."

It appears that Davis, Arrington, Mitchell, and Bissett, whose names appear in the listing, are, or were, employees of the defendant.   The evidence shows that items for the indented listings of the employees' names, in the sum of 25c per month each, were charged to the defendant's business telephone and the amounts included in the monthly bills paid by him, or in his behalf.   The telephone in the home of Bissett's mother was listed in his name.   He testified that the telephone was installed in the home so that he might talk with his mother.

Bissett testified that in his employment

356

as freight solicitor for the defendant not more than two per centum of the business in which he was engaged was conducted over defendant's business telephone. Further, on direct examination, Bissett testified as follows:

"Q. Well, here is what I mean: You did prosecute some of your duties as an employee of Hodges by telephone as distinguished from word of mouth? A. I do, at the office, yes, sir. Q. Well, you do wherever you are reached by telephone? A. Yes, they have no way of reaching me —I have to reach them. Q. Well, you don't mean to assert that the single telephone—you ever used during the five years down to the 12th day of November, '35, that you ever used it in the prosecution of Joe Hodges' business upon your part as an employee of his was that particular instrument installed in Joe Hodges' office, do you? A. I should say that all of my business that I handled for Joe Hodges, pertinent to Joe Hodges, is done over Joe Hodges' telephone. Q. Well, what do you mean by Joe Hodges' telephone? A. In the office."

There is no evidence of any transaction relating to defendant's business, under Bissett's employment, having been conducted over the telephone maintained in the home of Bissett's mother. In fact, the contrary appears from the record. Interrogating Bissett regarding the listing of the defendant's business telephone, the following questions were asked and answers given:

"Q. Now, then, this line, and this telephone listing which is in this language, 'After 8:30 p. m. and before 7:00 a. m. and holidays, call S. T. Davis, Residence,' and so on, down to 'W. S. Bissett's residence,' what does that indicate? A. I don't know. Q. You don't know? Mr. Green: Just a moment; I want to object to that, if Your Honor please, as to what it indicates. A. It has never been used. The Court: Well, he can tell, if he knows. Mr. Green: Exception. A. It has never been called."

In the face of the record we are convinced that the telephone listings have no bearing on the issue presented. If, by reason of the manner of listing, any presumption of law existed that, at the time of the accident, Bissett was acting within the scope of his employment so as to make him the agent of the defendant, such presumption was nullified by the evidence produced by the plaintiff. Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65. In view of the evidence before us, we conclude that the listings mean nothing more than they recite, viz., that anyone wanting to get in communication with defendant's business before or after the hours named therein could call one of the other numbers mentioned. We take judicial knowledge of the fact that listings of this kind are not uncommon in business enterprises.

From a careful examination of the record and the authorities, we conclude that the judgment should be sustained. In order to establish liability against the defendant the plaintiff was required to show the scope of the employment of W. S. Bissett, and that at the time of the accident Bissett was acting within the scope of his employment by the defendant. Russell Products Company v. Bailey, 162 Okla. 212, 19 P.2d 601.; Drake et al. v. Specht, 175 Okla. 414, 53 P.2d 235; Barall v. McDonald, 172 Okla. 276, 44 P.2d 997. In the present case the fact is uncontradicted that at the time of the accident the employee, driving his own car, or a car belonging to his sister, was on his way home for the noonday meal. At the time he was free of instruction or supervision of his employer; his time was his own. Blashfield's Cyc. of Automobile Law and Practice, Perm. Ed. vol. 5 par. 3042. Proof of regular employment by the defendant, alone, is insufficient to justify the presumption that Bissett was at the time of the accident acting in the performance and scope of his duty to the defendant. Neilan Co., Ltd., v. Miller, 175 Okla. 104, 52 P.2d 783; Fairmont Creamery Co. v. Carston et al., 175 Okla. 592, 55 P.2d 757; Echols v. Hurt et al., 116 Okla. 43, 243 P. 493.

We have examined the authorities submitted by the plaintiff on the issue presented; practically all from other states. Some are in point, others are not. From an independent investigation we find that the decisions of courts of other states on the issue involved are not uniform. Under the decisions of this court we are of the opinion that the evidence presented by the plaintiff was insufficient to make a prima facie case of negligence against the defendant, and that the trial court committed no error in sustaining the defendant's demurrer to the plaintiff's evidence. Jamar v. Brightwell, 162 Okla. 124, 19 P.2d 366.

The judgment is affirmed.

BAYLESS. C. J., WELCH, V. C. J., and GIBSON and DAVISON, JJ., concur.