GREIS, Trustee, et al. v. SMITH.

No. 30143.   Jan. 13, 1942.

Rehearing Denied May 12, 1942.

*125 P. 2d 763.*

Pierce & Rucker, of Oklahoma City, for plaintiff in error.

Johnson & Jones, of Bristow, and Coffey & Coffey, of Tulsa, for defendant in error.

CORN, V. C. J.   This is an appeal from a judgment in a personal injury action wherein Ida Smith, plaintiff below, recovered a verdict and judgment in the sum of $7,500 against H. N. Greis, trustee for Deep Rock Oil Corporation, and M. E. Lovell, defendants below, the appeal being prosecuted by the oil company alone. The parties are referred to herein as designated in the trial court.

It is contended by the defendant that the plaintiff failed to establish negligence on the part of the oil company, and that its demurrer to the evidence and its motion for a directed verdict should have been sustained.

In this connection it is contended that the acts of M. E. Lovell, an employee of the company, which were alleged to have been the direct and proximate cause of the alleged injuries, were not within the scope of his employment.

The undisputed evidence discloses that the defendant M. E. Lovell was an agent and employee of the oil company and resided with his family in a house owned by the company on a 40-acre lease, on which the company had three oil and gas wells, and some equipment including some storage tanks. Across the section line road west of this lease is the farm of B. D. Smith, husband of the plaintiff. M. E. Lovell had an agricul-

tural lease on the 40 acres where he lived, but for the year in question had sublet the cultivated land on the lease to the plaintiff and her husband. Mr. Smith's house and barn are about a quarter of a mile north and across the road west of the Lovell home. A grass fire burned over a portion of the lease and burned along the east side of the road until it reached a point just opposite the Smith barn on the west side of the road, when the barn caught fire, and Lovell and his son, with the assistance of Mrs. Smith, the plaintiff, carried water from a well on the premises and extinguished the fire before it destroyed the barn.

The plaintiff alleged that she sustained injuries in fighting the fire which resulted in the serious and permanent impairment of her health. She alleged that she drew water from the well and carried it in buckets to the barn, and helped to put out the fire, and in so doing inhaled heat and smoke, and got wet with perspiration and with water in fighting the fire; and this occurring on a cold, windy day, she contracted a cold which later developed into pneumonia and bronchial trouble, thereby seriously endangering her life, and totally and permanently impairing her health.

The oil company denied that the burning of the grass along the road or upon the lease was within the scope of the employment of the said M. E. Lovell, and in this connection introduced testimony to show that the burning of the grass was not within his work hours and was not done for the protection of the property of the oil company, and was not done at the direction of the company, but was done upon his own time and for purposes of his own as lessee of the surface rights of the land.

The evidence shows that the fire was started by M. E. Lovell, Jr., who was not an employee of the company. He had been working on his car on the Lovell premises in the forenoon, and set fire to some rags saturated with gasoline and oil which he had used in cleaning the engine. From this a grass fire started

around the Lovell house, and it was permitted to burn until the ground around the house was all burned over. M. E. Lovell, Sr., was at home at the time and watched the fire as it burned off the grass around his house. It burned out to the road and up the section line to Smith's barn. Mrs. Smith testified that while Lovell was at her place helping to put out the fire in the barn, he said: "Well, I hated to lay down in the grass and let the fire come in and burn the house up some night."

This statement does not indicate that he burned the grass for the protection of the property of the company. The evidence further shows that he had already taken precautionary measures to protect the company's property, having kept the grass cut down in an area of at least 50 feet around same.

In the case of Neilan Co., Ltd., v. Miller, 175 Okla. 104, 52 P. 2d 783, paragraph 4 of the syllabus states the applicable rule as follows:

"In an action for damages sustained in a car collision, resulting from the negligence of the drivers of the two cars, where plaintiff seeks to also recover against the employer of the driver of one of the cars upon the theory of master and servant, the burden of proof is upon the plaintiff to show that the servant was acting for the master at the time of the injury; and proof of the existence of general employment alone, is not sufficient evidence to submit the issue of liability against the master to the jury."

Also, see Drake v. Specht, 175 Okla. 414, 53 P. 2d 235; DeCamp v. Comerford, 134 Okla. 145, 272 P. 475; Bascom v. Hodges, 184 Okla. 355, 87 P. 2d 124; Crow v. Peters, 171 Okla. 433, 43 P. 2d 93; Heard v. McDonald, 172 Okla. 180, 43 P. 2d 1026.

Proof of regular employment by the defendant, alone, is not sufficient to justify the presumption that Lovell was, at the time of the accident, acting in the performance and scope of his duty to the defendant. Bascom v. Hodges, supra. And no such presumption can be indulged where there is direct proof to the contrary. Neilan Co., Ltd., v. Miller, supra.

In view of the fact that the plaintiff's case rests upon presumption rather than upon substantial proof that M. E. Lovell was, at the time of the alleged injury, acting in the performance and scope of his duty as an employee of the defendant oil company, the evidence, as a matter of law, was insufficient to go to the jury, and the demurrer to the evidence of the plaintiff should have been sustained.

The judgment is reversed and remanded, with directions to dismiss the action.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. DAVISON, J., absent.