**W. C. WILLIAMS, Plaintiff in Error,**

v.

**Tom HAIDEK, Defendant in Error.**

No. 35828.

Supreme Court of Oklahoma.

Nov. 16, 1954.

Herman Merson, Mary Elizabeth Cox, Wayne Campbell, Oklahoma City, for plaintiff in error.

Creekmore Wallace, Pryor, for defendant in error.

WILLIAMS, Justice.

This action was commenced by Tom Haidek as plaintiff against W. C. Williams, defendant, to recover damages to an automobile. On the 1st day of February, 1952, plaintiff's automobile was struck by a Ford pickup truck driven by Arnie White. Plaintiff's car was parked against the curb parallel on Southwest 5th street in Oklahoma City just beyond its intersection with Broadway. When plaintiff quit work at 5 o'clock p. m. of said day he discovered the damage. This suit resulted. Judgment was entered for $84.39 for plaintiff and defendant appeals.

Plaintiff testified that he discovered from the Accident Division of the Police Department the description of the pickup truck and that it was driven by Arnie White; that he learned the certificate of title was in defendant. Plaintiff talked to defendant and the substance of the conversation is described as follows:

"Mr. Williams stated that the truck did belong to him; that he had loaned it to Arnie White to pay off a note for three hundred dollars on a '41 Buick which this Arnie White had taken over from his cousin or somebody, and that Arnie White was unable to pay for the Buick and therefore Mr. Williams loaned the Ford to him to haul scrap

iron and this, that and the other, to get the money to pay for the Buick. * * *"

The record discloses that defendant is a dealer in used cars and handles used car papers; that Arnie White bought a Buick automobile from an individual who had mortgaged it to a finance company, and which mortgage had been assigned to defendant and that White was unable to pay for the automobile. White thereupon made an arrangement with defendant by which he acquired the pickup truck and was driving it when the accident happened. Defendant testified that the certificate of title had not been delivered to Arnie White because it was in the hands of the agency authorized to make a transfer of certificate of title on sale of the automobile. This in substance is the evidence of the ownership and control of the pickup truck. At the close of all the evidence defendant moved for a directed verdict. He had theretofore demurred to the evidence which demurrer was overruled. The trial court refused to grant the motion and judgment was entered upon the verdict.

■ In the first proposition defendant argues that the court should have sustained his motion for directed verdict because there is no evidence of relationship of master and servant. In his second proposition he argues that there was no proof of negligence of Arnie White.

Answering the first proposition, plaintiff argues that he established ownership of the pickup truck in defendant and that this constitutes a prima facie case justifying submission of the case to the jury. He cites Norton v. Harmon, 192 Okl. 36, 133 P.2d 206; Claxton v. Page, 190 Okl. 422, 124 P.2d 977; and Hagler v. Breeze, 169 Okl. 37, 35 P.2d 892.

In Claxton v. Page, supra, and the other cases the ownership of the automobile was established beyond controverted fact and the relationship of master and servant or parent and child was not disputed and there is in each case some probability or evidence of agency.

We are of the opinion the cases applicable are: Greis v. Smith, 190 Okl. 517, 125 P.2d 763, and Neilan Co., Ltd., v. Miller, 175 Okl. 104, 52 P.2d 783. In Greis v. Smith, supra, it is stated:

"In an action to recover damages against an employer for the alleged negligence of an employee, upon the theory of master and servant, the burden of proof is upon the plaintiff to show that the servant was acting for the master at the time of the injury; and proof of the existence of general employment, alone, is not sufficient evidence to submit the issue to the jury."

In Neilan Co., Ltd., v. Miller, supra, it is stated:

"The presumption of a fact drawn from the proof of other facts may be sufficient in a given case to justify the submission of the case to the jury, but that presumption must be such as common sense, enlightened by human knowledge and experience, would draw from the connection and relation of the facts and circumstances. Such presumption should be inseparable from inductive reasoning as an inference of the unknown from proof of the known."

In the case under consideration if there is any evidence of ownership shown by the statement of defendant to plaintiff, and the evidence as to the certificate of title, this furnishes no basis for the finding that Arnie White was the agent of defendant. The evidence when considered as a whole does not support the finding of agency implied in the verdict. Arnie White testified that he owned the pickup truck and that he was not employed by defendant Williams and had never been in his employ. There is no evidence upon which defendant could be held liable for the use of the pickup truck.

■ We have held that where there is no evidence to support a verdict for the plaintiff it is the duty of the trial court to direct a verdict for the defendant. Barall v. McDonald, 172 Okl. 276, 44 P.2d 997.

Since this issue disposes of the question of liability of defendant it is not necessary to discuss whether there is any evidence of negligence of Arnie White.

The cause is reversed and remanded to the trial court with directions to vacate the judgment entered for plaintiff.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON and O'NEAL, JJ., concur.

ARNOLD, J., concurs in result.

BLACKBIRD, J., dissents.